**Brian Keith LAWS, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Warden, Respondent–Appellee.**

No. 02–56666.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Filed Dec. 5, 2003.

Cara DeVito, West Hills, CA, for the petitioner-appellant.

David C. Cook, Deputy Attorney General, State of California, for the respondent-appellee.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

BERZON, Circuit Judge.

California inmate Brian Laws appeals the denial of his 28 U.S.C. § 2254 habeas petition, alleging ineffective assistance of counsel at his 1993 murder trial, as untimely under the one-year limitations period for habeas petitions instituted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). Because Laws has made a good-faith allegation that would, if true, entitle him to equitable tolling, we vacate the district court's denial of the petition and remand for further factual development of his claim that the limitations period should be tolled because of his mental incompetency during the period in which he could have timely filed.[1]

## I

Laws was convicted after a jury trial on February 17, 1993, and sentenced to life imprisonment without the possibility of parole, plus four years. Before trial the district court expressed concern about Laws's competency and ordered psychiatric examinations and a hearing under California Penal Code § 1368. After receiving conflicting opinions from three psychiatrists and two psychologists, the court found Laws "for the present at least" competent to stand trial. Upon conviction, Laws took a timely direct appeal. His conviction was affirmed by the California Court of Appeal. The California Supreme Court denied review on October 13, 1994.

On April 23, 1996, AEDPA imposed a one-year limit on state prisoners' federal habeas petitions. See 28 U.S.C. § 2244(d). Prisoners like Laws whose convictions were final prior to that date were required to file any remaining federal petition for which they were otherwise eligible within one year of AEDPA's effective date, that is, by April 24, 1997. See Jenkins v. Johnson, 330 F.3d 1146, 1149 (9th Cir.2003).

Laws first filed a verified state habeas petition May 16, 2000, in Los Angeles Superior Court. Attached to this petition were Laws's prison psychiatric and medical records from 1993–94, though not the psychiatric reports that were apparently prepared for his section 1368 competency hearing, to document his claim that the delay in filing was attributable to psychiatric "medication which deprived [Laws] of any kind of cons[ci]ousness." The petition was summarily denied. Under California's unique state habeas system, see Redd v. McGrath, 343 F.3d 1077, 1079 n. 2 (9th Cir.2003), Laws then properly filed an original petition containing the same claims with the Court of Appeal. This petition too was denied, whereupon Laws filed a third petition with the Supreme Court of California. This petition was denied "on the merits and for lack of diligence" on January 30, 2001. The denial became final thirty days later. See Lott v. Mueller, 304 F.3d 918, 921 (9th Cir.2002).

Laws next attempted to scale the edifice of post-AEDPA federal habeas law. He delivered a verified petition to prison officials for mailing on January 24, 2002. The petition was filed by the court on February 4, 2002.[2] This federal petition did not

---

1. The Certificate of Appealability also encompasses claims Laws made before the district court that his alleged illiteracy, alone or in combination with his mental illness, justifies equitable tolling. Laws abandoned at oral argument any argument based on illiteracy.

2. Under the "prison mailbox rule," Laws's petition is deemed filed January 24, 2002.

repeat Laws's incompetence arguments and had attached to it only the California courts' denials of Laws's petitions, not the petitions themselves. When the respondent argued that the federal petition was untimely under § 2244(d), Laws replied with a verified "Traverse to Return of Petition for Writ of Habeas Corpus" and memorandum in support thereof. The memorandum, evidently prepared by another inmate, argued that Laws's "psychotic d[y]sfunction" precluded his timely filing. Laws also contended he was able to file his federal and state petitions in 2000–2002 only with the help of a jailhouse lawyer. Attached to the Traverse were, *inter alia*, Laws's original verified state petition and 1993–94 psychiatric and medical records.

■ Laws's petition was referred to a magistrate judge, whose report and recommendation considered Laws's eligibility for both statutory and equitable tolling. Statutory tolling of the one-year period is available while state collateral proceedings are pending. *See* § 2244(d)(2). But because Laws did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim in the first instance, as the magistrate judge held.

The magistrate judge recommended against allowing equitable tolling because "the record does not show that [Petitioner's] mental problems made it 'impossible' for Petitioner to file a habeas petition before the limitations period expired." In responding to Laws's objections to the report and recommendation, which the magistrate judge addressed by minute order before the district court ruled on them, the magistrate judge found that Laws's claims of illiteracy and mental illness "do not make a convincing case for equitable tolling." Construing the objections as a motion for a hearing, the magistrate judge denied that request.

The district court summarily adopted the magistrate judge's report and recommendation and denied Laws's request for a certificate of appealability (COA). A judge of this court granted a COA, limited to Laws's eligibility for equitable tolling or for an evidentiary hearing thereon.

## II

### A

■ We review the district court's denial of habeas corpus for untimeliness *de novo*. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir.2001).

■ Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003) (internal quotation marks and citation omitted). Grounds for equitable tolling under § 2244(d) are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc). Whether the limitations period for federal habeas should be equitably tolled for Laws depends on whether his mental illness between April 23, 1996 (when AEDPA came into effect) and May 16, 2000 (when he filed his first state habeas) constituted the kind of extraordinary

See *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001). Because the decision of the California Supreme Court is not deemed final until thirty days after filing, however, *see supra*, Laws's federal petition was filed within one year of the end of his state proceedings even if one counts from its actual filing date, February 4.

circumstances beyond his control, making filing impossible, for which equitable tolling is available. We hold that the district court abused its discretion by denying the petition without ordering the development of the factual record on Laws's eligibility for tolling.[3]

### B

We have already held that a "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," so "mental incompetency justifies equitable tolling" of the AEDPA statute of limitations. *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). We have also suggested that "[t]he firmly entrenched common law right to competence persisting beyond trial is a strong indicator of a constitutional due process right" to competency in postconviction proceedings or to a stay of proceedings until competence is regained. *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 813 (9th Cir.2003).

■ While *Calderon (Kelly)* and *Rohan* were death penalty cases and in different procedural postures from the present one, their basic principle is plainly applicable here: Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled.

*Calderon (Kelly)* and *Rohan* were grounded in the federal right to counsel on collateral review of capital sentences. *See Rohan*, 334 F.3d at 813–14. We do not

hold today that there is a right to competency in noncapital postconviction proceedings, nor need we. Rather, our only concern is with the application of the equitable tolling standard applicable to habeas cases, not with whether a noncapital habeas case can go forward once timely filed. For that purpose, it is pertinent that a *pro se* inmate's actual mental incompetence may be at least as much of an external bar to his meeting AEDPA's strict deadlines as is a represented capital inmate's inability to rationally communicate a bar to his receiving effective representation. If mental incompetence can preclude one prisoner from communicating with his own advocate, it might also preclude another from communicating with the court.

### C

■ After a hearing, Laws was adjudicated competent to stand trial in 1993, notwithstanding evidence of serious mental illness. But that determination has little bearing on his competence *vel non* during the period 1996–2000, a period for which no medical records have been offered by either Laws or the respondent. What does bear on his competence during that time is his allegation in a sworn pleading, against which the state has offered no evidence at all, that he was incompetent in the years when his petitions should have been filed.

■ We do not know whether Laws's mental condition had deteriorated since his trial such that he fell below a minimum standard of legal competence. *See Godinez v. Moran*, 509 U.S. 389, 399 n. 10, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Mas-*

---

3. Laws may have submitted a motion for reconsideration with the district court, to which were appended mental health records from 2000–01. The district court, however, never filed this motion or its appendix, and there is no record they were received. As this motion

and appendix are not properly in the record, we do not consider these later mental health records. They would in any event have limited probative value for so fact-specific an inquiry as the petitioner's mental health before the period the records cover.

*sey v. Moore,* 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135 (1954); *Rohan,* 334 F.3d at 810–11. The only material in the record concerning the period 1996–2000 is Laws's unrebutted allegation, in his state petition, that he was "deprived [ ] of any kind of cons[ci]ousness" in those years. We must construe *pro se* habeas filings liberally, *Maleng v. Cook,* 490 U.S. 488, 493, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), and may treat the allegations of a verified complaint or petition as an affidavit, *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir. 1987). The verified state petition attached to Laws's Traverse is therefore indistinguishable from the declaration appended to a petitioner's opposition to a motion to dismiss that, in *Whalem/Hunt,* 233 F.3d at 1147, we found sufficient to warrant further factual development.

The district court denied Laws equitable tolling because "the record does not show that [his] mental problems made it 'impossible' " for him to meet the § 2244(d) deadline. But we do not require Laws to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling. Rather, our cases require only that there be "circumstances consistent with petitioner's petition . . . under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling" for further factual development to be required. *Whalem/Hunt,* 233 F.3d at 1148. On this record, the district court erred in granting judgment against Laws based upon the papers then before it. It is enough that Laws "alleged mental incompetency," *Calderon (Kelly),* 163 F.3d at 541, in a verified pleading, *see Herbst,* 260 F.3d at 1043 n. 4, 1044. The district court should then have allowed discovery or ordered expansion of the factual record. *See* Rules Governing Section 2254 Cases 6 & 7. Laws's ability to file state and federal petitions in 2000 and thereafter through

assistance by another inmate cannot substitute for development of the factual record concerning his mental state prior to that period.

Of course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced. The record in this case is patently inadequate, however, to allow us or any other court to evaluate the strength of Laws's claim. In 1993 it took three psychiatrists, two psychologists, and a judge to decide Laws's competence at the time of the inquiry. It is plain that more factual development is required before we can say that Laws was or was not precluded from filing his petition by reason of mental impairment several years ago.

### III

While our conclusion here is compelled by *Whalem/Hunt* and *Calderon (Kelly),* we pause to note that it is also entirely in accord with a recent Third Circuit decision addressed to similar facts. In *Nara v. Frank,* 264 F.3d 310, 319–20 (3d Cir.2001), *overruled in part on other grounds by Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), there was "no evidence in the record that Nara's current mental status affected his ability to present his habeas petition," but there was evidence "of ongoing, if not consecutive, periods of mental incompetency." *Id.* at 320.

As did the *Nara* court, we must reverse the dismissal of the petition and remand for further factual development. On remand, the district court shall order such discovery, expansion of the record, or evidentiary hearing as is necessary to determine how much, if any, of the period from April 23, 1996, through May 16, 2000,

should be equitably tolled by virtue of Laws's mental incompetence.

**REVERSED in part and REMANDED.**