Richard BRIDGEWATER, Petitioner—Appellant,

v.

Ernie ROE, Warden, Respondent— Appellee.

No. 03–15203.

D.C. No. CV–02–00971–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided May 17, 2004.

Allison Claire, Esq., Allison Claire, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Richard Bridgewater, CSPLAC—California State Prison L.A. County, Lancaster, CA, pro se.

Harry Joseph Colombo, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Richard Bridgewater appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Bridgewater contends that the district court erred in dismissing his petition as untimely without conducting a factual inquiry into his claim that he was entitled to equitable tolling as a result of his mental retardation and organic brain damage. We agree and reverse and remand.

We are guided by our recent decision in *Laws v. Lamarque,* 351 F.3d 919 (9th Cir. 2003). In *Laws,* we held that the prisoner's allegation of mental incompetency in a verified pleading attached to his traverse was sufficient to require the district court to allow discovery or order expansion of the factual record with respect to the issue of equitable tolling of the applicable one-year statute of limitations. We emphasized that the prisoner did not carry a burden of persuasion in order to warrant further investigation into the merits of his arguments for tolling:

> Rather, our cases require only that there be "circumstances consistent with petitioner's petition ... under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling" for further factual development to be required.

*Id.* at 924 (citation omitted).

In opposing the motion to dismiss, Bridgewater referred to the portion of his July 12, 2001 habeas petition, filed in the California Court of Appeal, that explained that any delay in raising his state claims was caused in part because he was "mentally retarted [sic]." A copy of this state petition, which was signed under penalty of perjury, was before the district court. In addition, in his objections to the magistrate judge's findings and recommendations, Bridgewater explained that his "organic brain damage" was the "number one reason for extraordinary circumstances," and that it took him "this period of time to formulate this presentation because of petitioner's condition."

Under *Laws,* Bridgewater's allegation that he was unable to file his petition within the limitations period due to his mental retardation and organic brain damage was sufficient to trigger the district court's duty to conduct a factual inquiry into the merits of his equitable tolling claim.

We reverse the district court's judgment dismissing Bridgewater's habeas petition and remand so that the district court may

---

order such discovery, expansion of the record, or evidentiary hearing as necessary to determine whether Bridgewater is entitled to equitable tolling. We also suggest that the district court appoint counsel for Bridgewater.

REVERSED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.