**Carlton Langley WALKER, Petitioner—Appellant,**

v.

**Dora B. SCHRIRO, Director; Arizona Attorney General, Respondents—Appellees.**

No. 04–16356.

D.C. No. CV–02–02122–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2005.*

Decided July 12, 2005.

---

10. 125 S.Ct. at 764–65.

11. *See Ameline*, 409 F.3d at 1085.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fredric F. Kay, Esq., Phoenix, AZ, for Petitioner–Appellant.

Jon G. Anderson, DAG, AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM **

Carlton Langely Walker appeals the district court's dismissal of his federal habeas petition for failure to comply with the one-year time limitation imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d).

## I

We review the district court's denial of habeas corpus for failure to comply with AEDPA's one-year statute of limitation *de novo*. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003). The factual findings underlying the court's decision, including the court's determination of whether mental incompetence prevented the petitioner from filing on time, are reviewed for clear error. *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir.2004).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II

■ Although the district court did not explicitly state the burden of proof it applied, there is no indication in the record that the court required more than a preponderance of the evidence. *See Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir.2002). Walker has not overcome "the presumption that the [district] court applied the correct burden of proof." *Id.*

## III

■ The district court identified and applied the correct legal standards. A habeas petitioner is entitled to equitable tolling only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (citation and internal quotation marks omitted). "[M]ental incompetency justifies equitable tolling of the AEDPA statute of limitations" if "a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline." *Laws*, 351 F.3d at 923.

## IV

■ There was no error in the court's use of evidence from dates close to the dates that the AEDPA time limitation was running to determine Walker's mental competency on the dates that the limitations period was actually running. *See Gaston*, 387 F.3d at 1008–09. The record demonstrates that the court did not require Walker to prove his incompetence from April 29, 1999, to October 24, 2002, but simply identified this period as the most relevant to determining Walker's competency while the AEDPA clock was running.

## V

■ The facts of this case are very similar to those in *Gaston*. Like Gaston, Walker was able to complete various filings in state court very close to the dates that his one-year AEDPA filing period was running. On April 5, 1999, just prior to when the statutory limitation would expire on April 29, 1999, Walker filed a *pro se* notice of post-conviction relief. During the time that the limitation period was tolled (from October 7, 1999, to June 30, 2001), he made four filings in state court.[1] After the AEDPA deadline expired, Walker made another nine state court filings.[2] The district court reasonably concluded that since Walker was able to complete filings immediately prior to the time the AEDPA limitation period was running, during the time the statute was being tolled for his state habeas proceedings, and immediately after the limitation period expired, he could have filed his federal

---

1. The *pro se* filings during this time period, listed by the dates they were filed in the state court, were: 1) an October 7, 1999, petition for post-conviction relief; 2) a February 17, 2000, motion to extend the deadline for filing a reply to the State's response; 3) a March 27, 2000, motion for reconsideration of the denial of post-conviction relief; and 4) another motion for reconsideration of the denial of post-conviction relief filed May 9, 2000.

2. Walker's *pro se* filings during this time period, listed by the dates they were filed in the state court, were: 1) a March 24, 2001, request for preparation of the post-conviction record; 2) a letter to the Clerk of the Maricopa County Superior Court filed September 26, 2001; 3) a letter to Judge Reinstein filed February 6, 2002; 4) a March 20, 2002, motion for review; 5) a March 20, 2002, request for a transcript; 6) a March 20, 2002, motion for change of counsel; 7) a March 21, 2002, motion requesting a transcript of the proceedings in another trial; 8) an August 7, 2002, motion for another transcript; and 9) a letter to the Clerk of the Maricopa County Superior Court filed August 16, 2002.

habeas claim on time. *See Gaston,* 387 F.3d at 1008–09.

AFFIRMED