Bobby Angelo **ANSALDO,** Petitioner—Appellant,

v.

Mike **KNOWLES,** Warden, Respondent—Appellee.

No. 04–55808.

D.C. No. CV–03–00747–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Sept. 15, 2005.

Bobby Angelo Ansaldo, Ione, CA, pro se.

Michael T. Murphy, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,* District Judge.

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

MEMORANDUM**

Bobby Ansaldo ("Petitioner") appeals the district court's dismissal of his federal habeas corpus petition as untimely. On June 24, 2004, this Court issued a Certificate of Appealability limited to the issue of "[w]hether, in light of *Laws v. Lamarque,* 351 F.3d 919 (9th Cir.2003), [Petitioner] was entitled to an evidentiary hearing on the issue of equitable tolling due to his medical condition." We hold that Petitioner was not entitled to such a hearing and affirm the judgment of the district court.

In *Laws v. Lamarque,* "[b]ecause Laws ... made a good-faith allegation that would, if true, entitle him to equitable tolling ... the district court's denial of the petition [was vacated] and remand[ed] for further factual development of his claim that the limitations period should be tolled because of his mental incompetency during the period in which he could have timely filed." 351 F.3d at 919. That holding does not, however, upset the district court's dismissal in this case. Here, dismissal without further factual development was appropriate because Petitioner, unlike Laws, did not allege facts "that would, if true, entitle him to equitable tolling." *See Laws,* 351 F.3d at 921.

Equitable tolling of the deadline set forth in 28 U.S.C. § 2244 is available only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time *and the extraordinary circumstances were the cause of his untimeliness." Laws,* 351 F.3d at 922 (emphasis added and internal quotations omitted). Thus, a habeas petitioner seeking equitable tolling "must show that the 'extraordinary circumstances' [alleged]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were the but-for and proximate cause of his untimeliness". *Allen v. Lewis,* 255 F.3d 798, 800–01 (9th Cir.2001). Here, even assuming Petitioner's alleged visual impairment is the type of extraordinary circumstance which might justify tolling, Petitioner did not allege that the impairment was the but-for, let alone the proximate, cause of his untimeliness.[1] Accordingly, he is not entitled to relief.

Both parties agree that, absent tolling, Petitioner's deadline for filing a federal habeas petition was March 20, 1999. Petitioner did not allege that his visual impairment kept him from filing by that date. Rather, Petitioner only claimed that his visual impairment slowed his progress on the petition when he actually began working on it approximately January 15, 2001, one year and ten months after the limitations period had elapsed. Petitioner reiterated this argument in a verified pleading stating, "But for the limitations imposed by petitioner's visual impairment, petitioner would have submitted his petition within one year of arriving at the Sensitive Needs Program at Mule Creek [in December 2000]." Alleging that his visual impairment was the but-for cause delaying Petitioner's filing from December 2001 until July 2003 does not, however, entitle Petitioner to relief. Petitioner was required to allege (and ultimately prove) that his visual impairment prevented filing on or before March 20, 1999. Because he failed to do so, the district court's dismissal without

further factual development was appropriate.

**AFFIRMED.**

---

**1.** We do not pass on the question recently raised as to whether Petitioner's purported fear of reprisals (if prisoners at CSP–Corcoran were to learn of his child molestation convictions) could justify equitably tolling the limitations period. The Certificate of Appealability, which establishes our scope of review, is limited to whether Petitioner was entitled to a hearing regarding his medical condition. *See* 28 U.S.C. § 2253(c).

