**Dean J. WOODBURN, Petitioner—Appellant,**

v.

**Terry L. STEWART, Director; et al., Respondents—Appellees.**

**No. 04–16567.**

United States Court of Appeals, Ninth Circuit.

---

**644**

Submitted Nov. 14, 2005.*

Decided Nov. 17, 2005.

Dean J. Woodburn, Buckeye, AZ, pro se.

Anders V. Rosenquist, Jr., Esq., Florence M. Bruemmer, Esq., Rosenquist & Associates, Phoenix, AZ, for Petitioner–Appellant.

Cari Mcconeghy–Harris, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

### MEMORANDUM **

Dean Joseph Woodburn appeals from the district court's denial of his petition for a writ of habeas corpus as untimely. This Court issued a Certificate of Appealability concerning "whether appellant is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations on the basis of his mental competency." We vacate and remand for further factual development of Woodburn's mental incompetence claim.

Petitioner Dean Joseph Woodburn repeatedly alleged that he was incompetent in verified *pro se* filings. In an affidavit attached to his February 6, 2002 habeas filing, D.C. Doc. 4, Woodburn alleged that he was not competent at the time of his trial, and that his incompetence continued as of the date of the affidavit:

It was a violation of (Mr. Woodburn's) due process, for denial of a full and factually complete competency hearing [at the time of sentencing, in 1997].... A judge is trained in the law, not psychiatry or psychology. There is *no* reason to think this judge was equipped to spot—let alone assess—a *bipolar condition* and it's effect on Woodburn's competency to plead.... Defendant Mr. Dean J. Woodburn, has *"Never"* been *"Deemed Competent."*

Based on the aforementioned issue's this petitioner prays that this court will reverse conviction and demand a retrial do to the psychiatries [sic] opinion, Dr. Thomas N. Thomas, and evidence presented in this petition.

I believe it's a travesty of justice to incarserate [sic] a mentally ill person in prison, where they can be harmed by ignorance of the others, staff and inmates who can't understand the frailties of the human mind. At this present time I am at a mental health unit—Aspen-SPU-Prison. This is to get help with my mental health disorders.

D.C. Doc. 4 at 3–5 (emphasis in original).

In a "Motion for Appointment of Counsel" filed August 27, 2003, Woodburn requested appointed counsel because he "cannot represent himself as he is incompetent under the law.... Mr. Woodburn does not have the expertise nor the competence to proceed on his own." D.C. Doc. 26 at 1. The pleading was *pro se* and was signed by Mr. Woodburn. This assertion of incompetence in 2003 combines with the above assertions of incompetence in 1997 and 2002 to imply incompetence during the AEDPA limitations period in 2000–2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Under *Laws v. Lamarque*, 351 F.3d 919 (9th Cir.2003), a habeas petitioner is entitled to a remand for further factual development of his claim of equitable tolling due to mental incompetence whenever the petitioner alleges "in a sworn pleading, against which the state has offered no evidence at all, that he was incompetent in the years when his petitions should have been filed." *Laws*, 351 F.3d at 923. Woodburn has made such an allegation. Accordingly, the district court's denial of Woodburn's habeas corpus petition for untimeliness is VACATED AND REMANDED for further factual development of his mental incompetence claim.

RYMER, J., dissenting.

I would affirm, because the issue of equitable tolling on the ground of mental competency was never presented to the district court and is therefore waived. Responding to the state's position that AEDPA's one-year statute of limitations had run, Woodburn argued that he was entitled to the benefit of 28 U.S.C. § 2244(d)(1)(B), which delays commencement of the limitations period until a state-created impediment to filing is removed. Woodburn posited that denial of access to the courts is the state-created impediment that occurred in his case because he was not provided with access to the new (AEDPA) statute of limitations. He relied on inadequate library cases such as *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000), and *Lewis v. Casey*, 518 U.S.

343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), and submitted a statement from a librarian at the Arizona State Prison Complex–Florence/East Unit, in support. The court held that Woodburn was not in fact denied access to the full text of § 2244, and there was no impediment to timely filing.[1] That should be the end of it.

1. The district court denied a certificate of appealability—correctly, because its ruling is not arguable. This court's *sua sponte* granting of a COA was improvident, as Woodburn's competency was no where mentioned or evident in connection with the statute of limitations issue. Indeed, his response was clearly and cogently based on other grounds. Woodburn obviously knows that competency can matter, because his habeas petition alleges ineffective assistance of trial counsel as a result of his failure to request a competency hearing. There is, however, no hint of any sort in Woodburn's response that his failure to file his petition within the one-year time frame had anything to do with his mental condition.

