Damyon **TOMITA**, Petitioner— Appellant,

v.

**D.L. RUNNELS, Warden, Respondent— Appellee.**

**No. 04–17528.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Damyon Tomita, Susanville, CA, pro se.

David M. Porter, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Allan Yannow, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Damyon Tomita appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition challenging his conviction for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas corpus petition for failure to comply with the one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act of 1996, see Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir.2003), and affirm.

Tomita first contends that he is entitled to equitable tolling of the one-year statute of limitations due to: (1) the seizure of his state habeas petition from his inmate "writ-writer's" cell; (2) the 10–month lock down during which he and his inmate "writ-writer" had limited communication and were denied access to the law library; and (3) the law library's refusal to allow him to make copies of materials for his state habeas petition following the lock down.

■ Tomita's contention fails because he has not established a causal link between these factors and his inability to file a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (stating petitioner must show that an "extraordinary circumstance stood in his way" and that he "pursu[ed] his rights diligently" to establish equitable tolling); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). First, the seizure of some of Tomita's legal materials did not prevent timely filing. To the contrary, Tomita states that his "writ-writer" was able to timely complete a second state habeas petition without the legal materials, which he states were not returned during the statutory period. Second, although Tomita has presented evidence of a lock down, there is evidence that he was able to access the law library during that period. Tomita does not have the right to counsel for habeas corpus proceedings, so he cannot complain that he was unable to access his inmate "writ-writer." See Coleman v. Thompson, 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Finally, Tomita's inability to use the library's copier did not prevent him from filing his petition, as he was able to make copies elsewhere. Even if he had been prevented from filing the petition for this reason, tolling the statute of limitations for the time that he was without access to the library copier would be insufficient to excuse his late filing.

■ Tomita also contends that a prison lock down was a "state-created impediment" that delayed the start of the statutory period until sometime in December

**602**

2001, when the lock down ended. This claim also fails, as Tomita has not shown that the state denied him access to the library during the lock down, or that such denial caused him to be unable to timely file his petition. *See* 28 U.S.C. § 2244(d)(1)(B).

Accordingly, the district court properly dismissed the petition as untimely.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.