**Robert Lee JOHNSON, Petitioner–Appellant,**

v.

**Jean HILL, Superintendent, Respondent–Appellee.**

No. 06–35415.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007.*

Filed March 12, 2007.

Tonia L. Moro, Esq., Federal Public Defender's Office, Medford, OR, for Petitioner–Appellant.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Youlee Yim You, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant Robert Lee Johnson (Johnson) challenges the district court's dismissal of his habeas petition as untimely. He contends that the one-year statute of limitations, 28 U.S.C. § 2244(d), should have been equitably tolled because of his mental illness and frequent transfers within the prison system.

Johnson has not demonstrated that his frequent transfers between facilities were an "extraordinary circumstance." *See Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006), *as amended* ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (citation and internal quotation marks omitted). Because Johnson had sufficient access to legal materials despite his transfers between facilities, equitable tolling is not warranted.

Johnson has also failed to demonstrate that his mental problems constituted an "extraordinary circumstance" which would justify equitable tolling. Indeed, the record reflects that there were significant pe-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

riods of time where he appeared to suffer from limited or no disabilities.[1]

Finally, the fact that Johnson filed a petition for post-conviction relief during the period in question lends further support to the district court's determination that equitable tolling was not warranted.

The district court also did not abuse its discretion in denying Johnson an evidentiary hearing. When the record is sufficiently developed such that we can evaluate the strength of the petitioner's claims, no evidentiary hearing is required. *See Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003). Moreover, Johnson does not allege any significant factual disputes. *Cf. Roy,* 465 F.3d at 975 (determining that an evidentiary hearing was necessary because there were "significant conflicts among the affidavits on material issues").

**AFFIRMED.**

---

1. Johnson takes issue with the district court having "placed significant emphasis on the portions of the record which demonstrated that [he] had periods of time when he was cheerful, joking, and laughing." However, because the district court's factual findings are reviewed for clear error, "[i]t is not our place to reweigh the evidence." *United States v. Mathews,* 36 F.3d 821, 825 (9th Cir.1994).