**Donald MATTHEWS, Petitioner–Appellant,**

v.

**L. CHRONES, Warden, Respondent–Appellee.**

**No. 06–55910.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2008.*

Filed Feb. 8, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Donald Matthews, Soledad, CA, pro se.

David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Gary W. Brozio, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HALL, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM **

Petitioner Donald Matthews appeals the district court's dismissal of his petition for writ of habeas corpus as untimely under the one-year statute of limitations period for federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). A two-judge panel of this court granted the request for a certification of appealability on the issue "whether [Petitioner] is entitled to equitable tolling of the AEDPA statute of limitations due to mental incompetence." On de novo review, *Herbst v. Cook,* 260 F.3d 1039,

1042 (9th Cir.2001), we reverse and remand.

The outcome of this case is controlled by *Laws v. Lamarque,* 351 F.3d 919 (9th Cir. 2003). In *Laws,* we held that, when the petitioner submitted an unrebutted allegation in a verified complaint that he was mentally incompetent during the AEDPA statute of limitations period, the district court was required to "allow[ ] discovery or order[ ] expansion of the factual record." *Id.* at 924.

Here, Petitioner submitted a verified state habeas complaint alleging mental incompetence during the relevant time period. Additionally, Petitioner submitted a prison medical report, created during the relevant time period, in which Petitioner reported hearing voices commanding him to physically harm himself and in which the treating psychiatrist noted likely schizophrenic behavior. Respondent has not submitted any evidence rebutting Petitioner's allegation of mental incompetence. In accordance with *Laws,* we reverse and remand for development of the factual record: "On remand, the district court shall order such discovery, expansion of the record, or evidentiary hearing as is necessary to determine how much, if any, of the [relevant time period] should be equitably tolled by virtue of [Petitioner's] mental incompetence." *Id.* at 924–25.

REVERSED and REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.