FILED

NOT FOR PUBLICATION

MAY 06 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FREDERICK GATLIN,

Petitioner - Appellant,

v.

JAMES E. TILTON,

Respondent - Appellee.

No. 09-15494

DC No. CV 07-3696 CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before:    KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

Petitioner Frederick Gatlin appeals the district court's order dismissing his

petition for writ of habeas corpus.  We have jurisdiction pursuant to 28 U.S.C. §§

1291 and 2253.  We vacate the district court's order and remand for further

proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

Gatlin contends that the district court erred when it failed to grant him an evidentiary hearing on the issue of equitable tolling. We review the district court's dismissal of Gatlin's habeas petition on untimeliness grounds *de novo* and its denial of Gatlin's request for an evidentiary hearing for abuse of discretion. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

To be entitled to an evidentiary hearing, Gatlin was required to make an initial showing that he suffered from a mental illness severe enough to warrant equitable tolling. *See id.* at 922-24. The medical records Gatlin presented to the district court made a colorable showing that he suffered from a serious mental illness for at least a substantial portion of the five-year period at issue. At other times, Gatlin's mental health appears to have been successfully managed by his medications. Because Gatlin proceeded before the district court *pro se*, however, the record contains only a limited and sporadic collection of his medical records. It is therefore difficult to gain a complete understanding of Gatlin's mental health over the course of his incarceration.

Out of an abundance of caution, we vacate the district court's order dismissing Gatlin's habeas petition and remand for further proceedings. Respondent represented at oral argument that it was in possession of the entirety of Gatlin's prison medical records. Neither we nor the district court have had the

opportunity to read these records in order to decide whether he is entitled to an evidentiary hearing. On remand, the district court should examine those records to determine the extent of Gatlin's mental incapacity during the relevant five-year period. If those medical records suggest that Gatlin's mental illness affected his ability to file a habeas petition during the entire relevant period of his incarceration, an evidentiary hearing will be warranted.

**VACATED and REMANDED.**