FILED

JUL 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS BARRERA, | No. 08-17207 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01929-FCD-GGH |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted July 16, 2010[**]
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and TODD, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

Petitioner-Appellant Jose Luis Barrera appeals the district court's dismissal of his petition for a writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

Barrera admits that he filed his petition more than a decade after the expiration of the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), but claims entitlement to equitable tolling because of a variety of alleged extraordinary circumstances. *See Holland v. Florida*, – S. Ct. –, 2010 WL 2346549, at \*12 (June 14, 2010). The district court correctly determined that Barrera did not meet his burden to show the exceptional remedy of equitable tolling is justified in his case.

As the evidence attached to Barrera's habeas petition shows, Barrera was able to prepare and file numerous substantive legal documents and letters between 2001 and 2005. Accordingly, Barrera cannot show that any of his asserted bases for equitable tolling in fact caused him to be unable to file his petition. *See Laws v. Lamarque,* 351 F.3d 919, 922–23 (9th Cir. 2003) (explaining that equitable tolling is justified only when extraordinary circumstances cause it to be impossible for the prisoner to file a petition). Indeed, even if the court were to assume Barrera faced extraordinary circumstances from the time of his conviction through the date the

AEPDA statute expired in 1997, and for an indefinite time thereafter, any disabling conditions clearly lifted between 2001 and 2005. The statute would therefore have accrued and expired years before he filed the present petition.

Further, Barrera's specific argument that he was unable to file his federal petition from 2001 to 2005 because he did not have his transcripts fails as well. Although Barrera's transcripts were apparently taken from him and destroyed some time before 2001, he apparently had them for some period beforehand. The AEDPA statute of limitations expired in Barrera's case back in 1997. Because Barrera failed to identify any facts about when and how his transcripts were lost, he did not show that the loss was an extraordinary circumstance beyond his control, and he did not show that there was any temporal relationship between his missing the AEDPA deadline and the loss of his transcripts.

Barrera also argues that before dismissing his petition, he should at least have been given an evidentiary hearing to prove he was mentally incompetent to file his habeas petition earlier. However, as explained above, because Barrera's own evidence defies any claim that it was impossible for him to prepare and make legal filings, he would not be entitled to any relief even if he could prove he suffered from mental impairments. Further, his assertions of mental incompetence lacked specificity. Thus, the district court did not abuse its discretion in denying

him an evidentiary hearing.  *See Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994).

The district court's dismissal of Barrera's petition is AFFIRMED.