FILED

MAR 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUGH GARCIA,

                Petitioner - Appellant,

   v.

JAMES YATES, Warden,

                Respondent - Appellee.

No. 08-56996

D.C. No. 3:07-cv-00048-DMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

    California state prisoner Hugh Garcia appeals from the district court's order

dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction under

28 U.S.C. § 2253, and we affirm in part, vacate in part, and remand.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia contends that he is entitled to equitable tolling due to the absence of Spanish language legal materials in the prison law library. This claim fails because, although Garcia has submitted some evidence that he attempted to procure both legal assistance and legal materials in Spanish, he has not shown that, throughout the period for which tolling is sought, he was diligently pursuing "either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey,* 449 F.3d 1065, 1070 (9th Cir. 2006).

Garcia also claims that he is entitled to equitable tolling due to his mental incompetence. Garcia has presented considerable evidence that he suffers from a delusional disorder. Moreover, the crux of the claims in his petition is that his constitutional rights were violated when he was permitted to represent himself at trial notwithstanding this disorder. For these reasons, remand is warranted for an evidentiary hearing to determine whether Garcia's delusional disorder is an extraordinary circumstance that prevented a timely federal filing. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560-62 (2010); *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003) (remand warranted for good-faith allegation that would, if true, support equitable tolling).

We construe Garcia's remaining arguments as a motion to expand the

certificate of appealability.  So construed, the motion is denied.  *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED in part, VACATED and REMANDED in part.**