**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **CHRISTIAN WALKER**, | No. 08-15628 |
| Petitioner - Appellant, | D.C. No. 04-CV-00929-KJD |
| v. | |
| **E.K. McDANIEL**, Warden, | **MEMORANDUM**[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

Before: **BEA** and **WATFORD**, Circuit Judges, and **SESSIONS**, District Judge.[**]

Christian Walker appeals from the denial of his petition for habeas corpus,

which the district court dismissed as untimely. Walker concedes his petition is

untimely but seeks equitable tolling of 28 U.S.C. § 2244(d)'s one-year statute of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

limitations based on misconduct of his lawyers and evidence of his actual innocence that was not presented at trial.  We affirm the district court's denial of equitable tolling based on attorney misconduct but vacate the district court's denial of equitable tolling based on evidence of actual innocence.  We remand for an evidentiary hearing to determine if the evidence of Walker's innocence warrants equitable tolling.

**1.**  Attorney misconduct may warrant equitable tolling if a petitioner has been diligent in the face of egregious misconduct.  *Holland v. Florida*, 130 S. Ct. 2549, 2562-64 (2010).  Drawing every inference in Walker's favor, his attorneys' conduct cannot excuse his late filing.  Walker first claims that he is entitled to equitable tolling because his attorney on direct appeal failed to notify him that the Nevada Supreme Court had affirmed his conviction.  Even if the statute of limitations were tolled until March 2001, the date Walker says he learned his appeal was denied, that would not excuse his more than three-year delay in filing a federal habeas corpus petition on July 2, 2004.

Walker next claims that his post-conviction counsel committed egregious misconduct by continuing to represent Walker in this case after Walker filed a habeas corpus petition alleging that counsel provided ineffective assistance in another matter—Walker's conviction for the murder of a different victim.

However, Walker did not file the petition alleging counsel's ineffective assistance in the other case until October 15, 2002. Again, even if we credited Walker's allegation that a conflict of interest arose as of that date, Walker has failed to establish a basis for equitable tolling of the statute of limitations between March 2001 and October 15, 2002. That period of more than a year renders Walker's petition untimely.

**2.** Equitable tolling may be required when a petitioner supports "allegations of constitutional error with new reliable evidence" that he is actually innocent, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A court must grant equitable tolling when the newly presented evidence makes it more likely than not that no reasonable juror would convict the petitioner. *Id.* at 327; *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc).

Walker was convicted of the attempted murder of David Dimas. His newly presented evidence is an affidavit from his cousin Johnny Walker, who actually shot Dimas. According to Johnny Walker's affidavit, he sent Walker's attorney a letter before he and Walker were tried. Johnny Walker avers that in his letter, he claimed sole responsibility for shooting Dimas. This letter was not introduced into evidence, and Johnny Walker did not testify, at Walker's trial. Johnny Walker's

affidavit is therefore "newly presented" evidence for purposes of *Schlup* even though it may have been available at the time of Walker's trial. *See Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003).

The district court denied Walker's request for equitable tolling because it concluded that Johnny Walker's post-trial affidavit was not "trustworthy evidence" of Walker's innocence. The court based this conclusion on the view that no juror would have found Johnny Walker's testimony credible. The court reached this conclusion without reviewing Walker's trial record and without assessing Johnny Walker's credibility at an evidentiary hearing.

Based on the unique facts of this case, we conclude that the district court abused its discretion by rejecting Walker's actual innocence claim without holding an evidentiary hearing. When assessing the likelihood that newly presented evidence would change a verdict, habeas courts must consider the full trial record. *Lee*, 653 F.3d at 938. Because the examination of the record and the newly presented evidence is "fact-intensive," *Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 332), an evidentiary hearing is required when the record shows that "circumstances consistent" with a petitioner's claims would justify equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

The circumstances surrounding the submission of Johnny Walker's affidavit are consistent with its trustworthiness.  This is unlike the typical case in which a petitioner claiming actual innocence presents suspiciously late affidavits—such as affidavits from non-eyewitnesses who are in prison or were acquitted—that a court could deem inherently untrustworthy.  Here, Johnny Walker's affidavit is consistent with an affidavit that Walker's attorney, John Fadgen, submitted in support of a severance motion before either Walker or Johnny Walker were tried.  Fadgen's affidavit states that he had "learned that if tried separately, Johnny Hughes Walker would testify that Christian D. Walker did not know that David Dimas was going to be shot."

The district court reasoned that Johnny Walker's affidavit was unreliable because it was drafted after his own acquittal of the attempted murder of Dimas and therefore "exposed him to no criminal liability" while exonerating Walker.  In fact, however, Fadgen's affidavit suggests that Johnny Walker offered testimony inculpating himself and exonerating Walker before his own trial.  Fadgen's affidavit therefore gives Johnny Walker's statements an indicia of trustworthiness lacking in other cases involving "11th hour" affidavits produced long after the underlying criminal events.  *Cf. Herrera v. Collins*, 506 U.S. 390, 423 (1993).

In addition, the trial record does not contradict Johnny Walker's account of the shooting in a way that permitted the district court to conclude that, even if Johnny Walker had testified at trial consistently with his affidavit, the jury would not have believed him.  No witness spoke directly about Walker's intent to kill Dimas, and no witness testified that Johnny Walker acted on Walker's instruction and not on his own impulse.  Given this state of the record, it would be inappropriate for a court on collateral review to decide the contested issue of Johnny Walker's credibility "based on affidavits alone."  *Buffalo v. Sunn*, 854 F.2d 1158, 1165 (9th Cir. 1988); *see also Roy v. Lampert*, 465 F.3d 964, 975 (9th Cir. 2006).

For these reasons, an evidentiary hearing is required to determine whether Johnny Walker's newly presented testimony makes it more likely than not that no reasonable juror would convict Walker.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**