FILED

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR-NIQUE SIMON,

                 Petitioner - Appellant,

   v.

DOMINGO URIBE, JR., Warden,

                 Respondent - Appellee.

No. 11-15909

D.C. No. 3:09-cv-05859-TEH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and STAFFORD, Senior District
Judge.[**]

     Petitioner Mar-Nique Simon appeals the district court's dismissal of his

habeas corpus petition as untimely. Simon argues that the district court erred in

dismissing his petition because he was entitled to equitable tolling based on an

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable William H. Stafford, Jr., Senior District Judge for the
U.S. District Court for the Northern District of Florida, sitting by designation.

alleged mental impairment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because we conclude that the record is not sufficiently developed to make a determination as to whether Simon is entitled to equitable tolling, we reverse and remand to the district court.

We have previously held that a petitioner may be entitled to equitable tolling based on a mental impairment where the mental impairment made it impossible for the petitioner to timely file a habeas petition on his own and the petitioner was otherwise diligent in attempting to file a habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1096–101 (9th Cir. 2010). Here, however, the district court concluded, without holding an evidentiary hearing, that Simon failed to show that he suffered from a mental impairment during the tolling period. Although this finding of fact was not clearly erroneous based on the evidence that Simon presented, *id.* at 1096, Simon was entitled to an evidentiary hearing because he made a "non-frivolous showing that he had a severe mental impairment during the filing period," *id.* at 1100. Since the Young report indicated the existence of "circumstances consistent with" incompetency, the district court "should . . . have allowed discovery or ordered expansion of the factual record." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). As we said in *Laws*, "more factual development is required before we can say that [Simon] was or was not precluded from filing his petition by

2

reason of mental impairment several years ago." *Id.*; *cf. Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010).

Accordingly, we reverse the judgment and remand to the district court for further factual development. On remand, the district court shall order any discovery, expansion of the record, or evidentiary hearing necessary to determine whether Simon is entitled to equitable tolling based on a mental impairment. *See Laws*, 351 F.3d at 924–25.

REVERSED and REMANDED.