**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY SCOTT HERMANSKI, | No. 14-15485 |
| Petitioner - Appellant, | D.C. No. 3:13-cv-00127-RCJ-VPC |
| v. | |
| ISIDRO BACA; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted April 14, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gregory Scott Hermanski appeals the district court's denial of his federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Hermanski argues that the district court erred by not considering the merits of his untimely petition because he made a sufficient showing of actual innocence.

A petitioner is entitled to merits consideration of an untimely habeas petition if he can "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A jury convicted Hermanski of armed robbery and armed burglary. Before the district court, Hermanski offered an affidavit from a fellow laborer who purported to be with Hermanski most of the day of the robbery, but also admitted that he left Hermanski briefly around the time of the robbery. This alibi witness stated that he did "not believe that [Hermanski] could have robbed the motel during the time [he] was gone," but did not provide an alibi for Hermanski. The times used by the witnesses were approximates, cash and a knife found on Hermanski matched those from the robbery, and the motel clerk identified Hermanski as the assailant shortly after the robbery took place.

---

[1] The parties are familiar with the facts, so we will not recount them here.

Hermanski was not entitled to merits consideration of his untimely petition, even in light of this new evidence.

Hermanski also argues that the district court should have ordered the full trial court record and held an evidentiary hearing to determine the merits of his claims. But our case law only requires such robust inquiry where the record shows that "circumstances consistent with petitioner's petition" would entitle him to equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). No such circumstances exist here.

**AFFIRMED.**