**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORDELL RABON, | No. 15-55348 |
| Petitioner-Appellant, | D.C. No. 5:13-cv-01977-AB |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

California state prisoner Cordell Rabon appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the dismissal of a section 2254 habeas petition on statute of limitations grounds, *see Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010), and we vacate and remand.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rabon contends that his illiteracy, developmental disability, and mental disorder entitle him to equitable tolling. The district court determined that although Rabon suffered from learning disabilities and other mental impairments, they were not the "but for" cause of his delay in filing a habeas petition. As currently developed, however, the record does not support the district court's conclusion that Rabon was able to appreciate the need to file a timely section 2254 petition. "[M]ore factual development is required before we can say that [Rabon] was or was not precluded from filing his petition by reason of mental impairment." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

We, therefore, vacate and remand to the district court for further factual development. On remand, the district court should consider appointing counsel for appellant and shall order any discovery, expansion of the record, or evidentiary hearing necessary to determine whether Rabon is entitled to equitable tolling based on mental impairment. *See id.* at 924-25.

We treat Rabon's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**VACATED AND REMANDED.**