**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ULISES CHAVEZ, | No. 23-15268 |
| Petitioner-Appellant, | D.C. No. 1:22-cv-00920-JLT-SKO |
| v. | |
| MARTIN GAMBOA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted May 22, 2025**
San Francisco, California

Before: FRIEDLAND and MENDOZA, Circuit Judges, and LASNIK, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

California state prisoner Ulises Chavez appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.[1] We have jurisdiction under 28 U.S.C. § 2253. We review de novo the dismissal of a section 2254 habeas petition on statute of limitations grounds, *see Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010), and we reverse and remand.

Chavez contends that the district court erred by failing to address his argument that his IQ of 66, illiteracy, inability to write, and other mental impairments entitle him to equitable tolling. Chavez is correct. When a party objects to the magistrate judge's proposed findings and recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court did not address Chavez's objection, namely that the magistrate judge did not consider whether equitable tolling is warranted based on his mental impairment. *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).

As currently developed, the record is inadequate to say whether Chavez was diligent in pursuing his claims "to the extent he could understand them," but that his "mental impairment made it impossible to meet the filing deadline under the

---

[1] The State concedes that the district court's dismissal could not be affirmed on the alternative ground of lack of exhaustion or of failure to state a claim.

totality of the circumstances." *Bills*, 628 F.3d at 1100; *id.* at 1001 (remanding for further proceedings when the record did not address whether the petitioner was diligent in seeking assistance with his claim). "[M]ore factual development is required before we can say that [Chavez] was or was not precluded from filing his petition by reason of mental impairment." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

Thus, we conclude that the district court erred in dismissing Chavez's petition without further development of the record with respect to his mental impairment. Accordingly, we reverse the judgment and remand to the district court for further factual development. On remand, the district court shall order any "discovery, expansion of the record, or evidentiary hearing" necessary to determine whether Chavez is entitled to equitable tolling based on mental impairment. *Id.* at 924–25.

**REVERSED and REMANDED.**