**Randy David WARREN, Petitioner—Appellant,**

v.

**C.M. HARRISON, Warden, Respondent—Appellee.**

No. 06–55067.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2007 *.

Filed Aug. 8, 2007.

Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William M. Wood, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: D.W. NELSON, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Appellant Randy David Warren (Warren) challenges the district court's dismissal of his habeas petition as untimely. Warren contends that the one-year statute of limitations, 28 U.S.C. § 2244(d), should have been equitably tolled because he did not have access to his legal files and his previous motions for an extension of time and appointment of counsel constitute a habeas petition. Moreover, Warren argues that the district court abused its discretion in denying him an evidentiary hearing regarding his mental illness allegations and in denying his request for appointment of counsel.

■ Warren cannot demonstrate that the lack of access to his files "actually prevented [him] from preparing or filing a timely petition." *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir.2005). Additionally, the district court did not abuse its discretion in denying Warren's request for an evidentiary hearing because the record was sufficiently developed such that the strength of Warren's claims could be evaluated. *See Laws v. Lamarque,* 351 F.3d 919, 924 (9th Cir.2003).

■ Warren has also failed to demonstrate that the district court's dismissal of his prior requests for an extension of time and for appointment of counsel constitute

an "extraordinary circumstance" justifying equitable tolling. Even in a case involving a *pro se* petitioner, "a request for counsel ... [is] not, in itself, a petition for writ of habeas corpus." *Brown v. Vasquez,* 952 F.2d 1164, 1166 n. 7 (9th Cir.1992), *as amended.* Additionally, Warren's request for an extension of time explicitly acknowledged that the motion was not a habeas petition.

The district court did not abuse its discretion when it denied Warren's request for an evidentiary hearing regarding his asserted mental illness because he was given an opportunity to expand the record, the record was sufficiently developed, and Warren's allegations are undermined by countervailing evidence in the record. *See Laws,* 351 F.3d at 924 ("Of course, a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced.").

■ Finally, the district court did not abuse its discretion when it denied Warren's request for appointment of counsel. Because he competently presented his claims and attached three pertinent exhibits in response to the district court's order to file a supplemental opposition, Warren has not demonstrated that the district court's failure to appoint counsel resulted in a due process violation. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (concluding that where the "[a]ppellant [has not] show[n] that because of the complexity of the claims he was unable to articulate his positions[,]" the district court does not abuse its discretion in denying the request for appointment of counsel). Warren's argument that appointed counsel was necessary because he was required to conduct discovery is unavailing because

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there is no evidence in the record to suggest that Warren requested discovery or that the district court authorized discovery. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989) ("Rule 6 [of the Rules Governing Section 2254 Cases] provides that discovery may take place *only* by leave of the court.") (citation omitted) (emphasis in the original).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.