**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN LLOYD BRYANT,
                    *Petitioner-Appellant,*

v.

ARIZONA ATTORNEY GENERAL; DORA
SCHRIRO,
                    *Respondents-Appellees.*

No. 06-16138

D.C. No.
CV-01-00543-PGR

OPINION

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted
April 18, 2007—San Francisco, California

Filed August 27, 2007

Before: Alfred T. Goodwin, Dorothy W. Nelson, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

Megan B. Moriarty, Assistant Federal Public Defender, Phoenix, Arizona, for the petitioner-appellant.

Robert A. Walsh, Deputy Attorney General, Phoenix, Arizona, for the respondents-appellees.

## OPINION

GOODWIN, Circuit Judge:

The district court dismissed Steven Lloyd Bryant's habeas petition as untimely under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Bryant appeals, arguing that he is entitled to statutory and equitable tolling because the Arizona Department of Corrections ("ADOC") did not make available to him case law interpreting § 2244(d). We affirm.

## I.  BACKGROUND

Bryant pled guilty to first degree murder in 1988 and received a life sentence. His direct appeal was dismissed by the Arizona Supreme Court in June 1989. In March 1990, he filed a pro se petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 ("Rule 32"),[1] alleging ineffective assistance of appellate counsel and seeking to withdraw his guilty plea. A state trial court denied that petition in June 1992. Bryant filed two more Rule 32 petitions, which were denied by state trial courts on June 22, 1992, and October 3, 1994. Bryant did not appeal those decisions to the Arizona Court of Appeals.

On April 24, 1996, AEDPA took effect, imposing a one-year statute of limitations for habeas petitions filed by state prisoners. For Bryant, whose conviction became final prior to AEDPA's enactment, the statute of limitations started running the day after AEDPA's effective date and expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); *Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

On March 24, 2000, Bryant filed with the Arizona Supreme Court a motion to recall the mandate and to submit a supplemental brief on direct appeal. The Arizona Supreme Court denied the motion on September 26, 2000, and denied reconsideration on November 28, 2000.

On March 23, 2001, Bryant filed the instant federal habeas petition, alleging ineffective assistance of appellate counsel.

[1]A Rule 32 petition is considered a direct appeal for purposes of AEDPA's statute of limitations. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

Appellees argued that the petition should be dismissed as time-barred. Bryant responded that the limitations period should be tolled because he did not have notice of the AEDPA statute of limitations due to deficiencies in the prison library.

Bryant was housed in ADOC's Florence prison complex when AEDPA took effect. Shipping records show that the Florence complex received ten copies of the United States Code Annotated Statutory Supplement No. 2, which contained AEDPA, in July 1996. There is also evidence that copies of three publications containing AEDPA — the 1997 United States Code Annotated Cumulative Annual Pocket Part for Title 28, the 1997 edition of *Federal Criminal Code and Rules*, and the 1997 edition of *Federal Civil Judicial Procedure and Rules* — were shipped to the Florence complex in March and April 1997. In the district court, Bryant argued that evidence of shipment and receipt does not prove that the publications were actually on the prison library shelves and available for inmate use. He conceded, however, that prison library carried updated editions of *Federal Civil Judicial Procedure and Rules* and *Federal Criminal Code and Rules* as of April 2, 1999. He also did not dispute that, after he was transferred to the Yuma prison complex in July 2000, he continued to have access to those two publications as well as to Larry W. Yackle, *Post-Conviction Remedies* (1981 & Supp. 2000).

It is undisputed that the Florence and Yuma libraries did not have case law collections after August 4, 1997. ADOC had previously maintained complete sets of the Federal Reporters, the Supreme Court Reporter, and the Arizona Reporter pursuant to an injunction issued by a federal district court in 1992. *Casey v. Lewis*, 834 F. Supp. 1553, 1561-62 (D. Ariz. 1992). In 1996, the Supreme Court reversed the injunction. *Lewis v. Casey*, 518 U.S. 343 (1996). In August 1997, the ADOC implemented Departmental Order 902 ("D.O. 902"), which disbanded the case law collections in ADOC facilities. At the same time, D.O. 902 provided

inmates with access to paralegals. The paralegals were permitted to direct prospective habeas petitioners to legal materials containing AEDPA, but were not allowed to conduct legal research for inmates.

The district court found it unnecessary to make factual findings on whether AEDPA was available to Bryant prior to April 2, 1999. Instead, the district court assumed that the statute of limitations was tolled until April 2, 1999, at which point Bryant undisputedly had access to the text of AEDPA. Because the limitations period expired a year later in April 2000, the district court concluded that the March 2001 habeas petition was time-barred. The district court further determined that equitable tolling was not warranted because Bryant did not pursue his petition with diligence.

The district court certified for appellate review "the issue of whether the limitations period of [AEDPA] was tolled by the Arizona Department of Corrections' failure to provide the petitioner with case law interpreting and explaining the limitations period."

## II.   STANDARD OF REVIEW

We review de novo the district court's dismissal of a habeas petition as time-barred. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We review the district court's findings of fact for clear error. *Id.* In a claim for equitable tolling, if the underlying facts are undisputed, the question of whether the statute should be equitably tolled is reviewed de novo. *Id.*

## III.   DISCUSSION

A.   *Statutory Tolling*

[1] AEDPA established a one-year period of limitations for federal habeas petitions filed by state prisoners. 28 U.S.C.

§ 2244(d)(1).[2] With exceptions not relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Bryant's direct appeal proceedings ended before AEDPA took effect, the limitations period started running the day after AEDPA's effective date and expired on April 24, 1997. *Patterson*, 251 F.3d at 1246; *Beeler*, 128 F.3d at 1287 (9th Cir. 1997). The limitations period is statutorily tolled if the petitioner's delay was attributable to "[an] impediment to filing an application created by State action in violation of the Constitution or the laws of the United States . . . , if the applicant was *prevented* from filing by such State action." 28 U.S.C. § 2244(d)(1)(B) (emphasis added). The limitations period would then run from the date on which the impediment is removed. *Id.* To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal con-

---

[2]Section 2244(d)(1) provides:

>     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

nection between the unlawful impediment and his failure to file a timely habeas petition. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006); *see also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

[2] Like the district court, we find it unnecessary to consider whether Bryant had access to AEDPA prior to April 2, 1999. Even if we assume that the limitations period was tolled until that date, the instant petition is still time-barred.

[3] Bryant contends that lack of access to case law on 28 U.S.C. § 2244(d)(2) impeded him from researching whether the limitations period would have been tolled by the motion to recall the mandate he filed with the Arizona Supreme Court in March 2000. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."). Put differently, the argument is that Bryant might have filed a timely federal habeas petition instead of seeking further state remedies if he could have ascertained that the motion to recall the mandate would not have tolled the limitations period. However, even if the motion tolled the statute of limitations — which it did not[3] — Bryant's federal habeas petition would still have been time-barred. Assuming the limitations period began to run on April 2, 1999, there were only nine days left when Bryant filed the motion to recall the mandate on March 24, 2000. The Arizona Supreme Court issued its final decision on November 28, 2000. To avoid the time bar, Bryant would have had to file a federal habeas petition within nine days. But he did not file his habeas petition until March 2001.

---

[3]The motion to recall the mandate was directed toward direct review. Under § 2244(d)(2), only collateral review proceedings can toll the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2); *see also Walkowiak v. Haines*, 272 F.3d 234, 236-37 (4th Cir. 2001).

**[4]** Bryant argues that the statute of limitations never began to run because the ADOC impeded him from filing a timely petition by not making available case law interpreting § 2244(d)(1). The bare statutory text to which he had access, he contends, was insufficient to inform him of the time limitation. Nonetheless, Bryant cannot establish a causal connection. Bryant testified that he first learned of AEDPA's statute of limitations when appellees filed their answer to his federal habeas petition in August 2001. However, AEDPA was available to Bryant as of April 2, 1999. Because Bryant was unaware of the statute of limitations between April 2, 1999, and April 2, 2000, the unavailability of case law interpreting the statute of limitations during that time period could not have been the cause of Bryant's late-filed petition. In other words, lack of access to case law during the relevant time period was not an impediment for purposes of statutory tolling because it did not prevent Bryant from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B) (providing for statutory tolling when an impediment is removed that prevented a timely filing); *see also Wood v. Spencer*, 487 F.3d 1, 6-8 (1st Cir. 2007); *Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002). Because Bryant has not demonstrated a causal connection between the unavailability of case law in the prison library and the untimeliness of his habeas petition, he is not entitled to statutory tolling.

## B.  *Equitable Tolling*

To equitably toll AEDPA's one-year statute of limitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quotation marks and citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn*, 345 F.3d at 799 (internal quotation marks and citation omitted).

**[5]** As discussed above, Bryant has failed to establish the requisite causal connection. Moreover, as the district court found, Bryant did not pursue his petition with diligence. A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence. *See Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). Bryant made no effort to seek relief between the denial of his last Rule 32 petition in October 1994 and the filing of the motion to recall the mandate in March 2000. There is also no evidence that Bryant took advantage of available paralegal assistance before filing the petition. For these reasons, Bryant is not entitled to equitable tolling.

## IV.   CONCLUSION

Bryant's habeas petition is time barred and the judgment is affirmed.

**AFFIRMED**