**Michael Gordon BEAUCHMAN, Petitioner–Appellant,**

**v.**

**Mike MAHONEY, Respondent–Appellee.**

**No. 07–35651.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 5, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel P. Buckley, Esquire, Foust Buckley Law Office, Bozeman, MT, for Petitioner–Appellant.

C. Mark Fowler, Esquire, Assistant Attorney, Montana Attorney General, Mike McGrath, Esquire, Office of the Montana Attorney General, Helena, MT, for Respondent–Appellee.

Before: BEEZER, FERNDANDEZ, and W. FLETCHER, Circuit Judges.

**MEMORANDUM** \*\*

Michael Gordon Beauchman appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Beauchman contends that he is entitled to equitable tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(1), because mental incapacity resulting from a brain injury prevented him from timely filing his petition. The record discloses, however, that Beauchman did not file a state habeas petition raising his federal claims until more than six years after his conviction became final, and that he sought other state and federal relief during this time. Under these circumstances, Beauchman has not shown "that he has been pursuing his rights diligently." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Beauchman also has failed to establish that mental incapacity resulting from a brain injury was the cause of his untimeliness. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir.2007). We conclude that Beauchman has not carried his burden of showing that he is entitled to equitable tolling. *See Pace*, 544 U.S. at 418–19, 125 S.Ct. 1807. Because the petition is untimely, we do not consider whether Beauchman's claims are procedurally defaulted.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.