**David HARTLEY, Petitioner—Appellant,**

v.

**James HALL, Respondent—Appellee.**

No. 07–55606.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed June 8, 2009.

---

** The Honorable Larry Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael Tanaka, Deputy Federal Public Defender, David Hartley, Kathryn Ann Young, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Douglas P. Danzig, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: PREGERSON, D.W. NELSON and THOMPSON, Circuit Judges.

## MEMORANDUM *

Petitioner David Hartley appeals the District Court's order dismissing his federal habeas petition as untimely.[1] The District Court concluded that Hartley was not entitled to equitable tolling. We affirm.

"We review de novo a district court's dismissal of a petition for writ of habeas corpus under [the Antiterrorism and Effective Death Penalty Act's] statute of limitations." *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir.2007). "The court's decision to deny an evidentiary hearing is reviewed for abuse of discretion." *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir.1999).

The Ninth Circuit has long held that the Antiterrorism and Effective Death Penalty Act may be equitably tolled. *See, e.g., Harris v. Carter*, 515 F.3d 1051, 1055 n. 4 (9th Cir.2008); *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002); *Calderon v. U.S. Dist. Ct. D.C.A. (Beeler)*, 128 F.3d 1283, 1287–89 (9th Cir.1997), *overruled on other grounds by Calderon v. U.S. Dist. Ct. D.C.A. (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc).

Hartley urges the panel to use an "objective stop-clock analysis." Although Judge McKeown, in her concurrence in *Lott*, did not join in the majority opinion because it "implie[d] a type of but-for causation analysis [that] was squarely rejected in *Socop*," 304 F.3d at 926, this court has repeatedly held that there must be a causal link between lateness and the extraordinary circumstances, *see Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir.2007) ("[Petitioner] has failed to establish the requisite

1. Hartley also briefed an issue that was not certified by the motions panel. We decline to expand the Certificate of Appealability in this case. See 9th Cir. R. 22–1(e).

causal connection."); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006); *Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir. 2005); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003); *Stillman v. LaMarque,* 319 F.3d 1199, 1203 (9th Cir.2003).

Thus, even assuming that the delay in the receipt of his legal file and the prison lockdown were extraordinary circumstances, Hartley's argument fails for lack of causation. The legal file deprivation in this case was comparatively short. *Cf. Espinoza–Matthews v. California,* 432 F.3d 1021, 1028 (9th Cir.2005) (tolling where petitioner was deprived of his papers for eleven months, and had only one month to file). More importantly, Hartley presents no evidence or explanation as to why he was able to file his state petitions in April 2005 (eight months after receipt of his materials, three months after the lockdown, and thirteen months before filing his federal petition) if he was hampered by the delay.

Hartley relies heavily on *Lott,* 304 F.3d at 918. Although the court in *Lott* granted equitable tolling to a petitioner who was deprived of access to his materials for eighty-two days, it recognized that the causal link, if based solely on the transfers, was tenuous. *Id.* ("If Lott's ... transfer ended only a day after his AEDPA filing period had lapsed, a finding of impossibility could more easily be fitted into the case law."). *Lott* qualified only because there was uncertainty in the case law, later resolved, as to when the statute would have been tolled and he "could reasonably have believed that his filing deadline would be upon him [with]in six days" of his last transfer. *Id.* at 923. Because Hartley has not made such a showing, he has failed to demonstrate the necessary causal link. *See id.* Accordingly, the District Court did not err when it found that Hartley was not entitled to equitable tolling.

Because the facts alleged by Hartley do not warrant equitable tolling, *see Schriro v. Landrigan,* 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007), the District Court also did not abuse its discretion in denying Hartley an evidentiary hearing.

**AFFIRMED.**

PREGERSON, J., dissenting:

David Hartley, a California state prisoner, filed his federal habeas petition five days after the one-year statute of limitations expired. Before filing his federal habeas petition, Hartley was required by the Antiterrorism and Effective Death Penalty Act to exhaust his state remedies. *See* 28 U.S.C. § 2244(d). Hartley faced significant delays as he sought to exhaust his state remedies by filing his second and third state habeas petitions. The record indicates that Hartley's criminal defense attorney neglected for sixty-two days to mail Hartley an important portion of Hartley's legal file. Hartley was also denied full access to the prison law library during a prison lockdown that lasted seventy-five days. These delays totaled 137 days and left Hartley with only twenty-one days to prepare his federal habeas petition after his state habeas petitions had been denied and his state remedies exhausted. The majority disposition concludes that Hartley is not entitled to equitable tolling because there is no causal connection between Hartley being denied access to legal materials for 137 days and Hartley filing his federal habeas petition five days late. I disagree and dissent.

Whether a habeas petitioner is entitled to equitable tolling is a "highly fact-dependent" inquiry. *Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (per curiam) (en banc). "Generally, a [habeas petitioner] seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). I believe that Hartley has met these requirements.

First, Hartley has diligently pursued his rights. In *Bryant v. Schriro*, we held that a habeas petitioner did not diligently pursue his rights because he did not seek relief for six years. 499 F.3d 1056, 1061 (9th Cir.2007). Here, however, Hartley has diligently pursued relief since the day he was convicted. Hartley timely filed two direct appeals challenging his conviction and his first state habeas petition immediately after his conviction was upheld. More importantly, Hartley filed his second and third state habeas petitions merely three months after the prison lockdown ended. Hartley then filed his federal habeas petition less than one month after his state habeas petitions were denied. I believe these facts demonstrate that Hartley was diligent in pursuing his rights.

Second, Hartley has demonstrated extraordinary circumstances. For sixtytwo days, Hartley's criminal defense attorney failed to mail Hartley a portion of Hartley's legal file, including the California Court of Appeal's opinion denying Hartley's direct appeal[1] and the government's brief filed in the direct appeal. Both of these items would likely have been necessary for Hartley to adequately challenge his conviction during the habeas proceedings. At a minimum, the Court of Appeal's opinion and the government's brief would have provided an excellent starting point for Hartley's legal research. Addi-

tionally, for seventy-five days, during the extended prison lockdown, Hartley had only limited access to the prison law library. During the lockdown, Hartley was forced to conduct all legal research from his prison cell and could only request two cases at a time by providing the law librarian with exact case citations. This would make effective legal research extremely difficult for a lawyer, let alone a pro se prisoner litigant.

In *Lott v. Mueller*, a California state prisoner was denied access to his legal file for eighty-two days while he was temporarily transferred from Folsom prison to another state detention center. 304 F.3d 918, 921 (9th Cir.2002). This court held that depriving Lott of access to his legal file constituted extraordinary circumstances, and that Lott was entitled to equitable tolling, in part, because his habeas petition was only seven days late. *Id.* at 924.[2] Here, Hartley was either unable to, or severely limited in his ability to, prepare his state habeas petitions for a total of 137 days, yet he managed to file his federal habeas petition only five days late. Accordingly, I believe *Lott* is controlling and that Hartley has demonstrated extraordinary circumstances.

Finally, I believe there is a casual connection between these extraordinary circumstances and Hartley filing his federal habeas petition five days late. The extraordinary circumstances Hartley faced significantly delayed the filing of Hartley's state habeas petitions, and thus left Hartley with an insufficient amount of time to

1. It is unclear whether Hartley was missing the entire Court of Appeal's opinion, or page six of the opinion.

2. The majority's disposition states that Lott "qualified [for equitable tolling] only because there was uncertainty in the case law, later resolved, as to when the statute would have

been tolled...." (Mem. Disp. at 688.) I respectfully disagree with this interpretation of *Lott*. Although, in *Lott*, we stated that the uncertainty in the case law regarding the statute of limitations was a factor supporting equitable tolling, we did not state that Lott would not have qualified for equitable tolling absent such an uncertainty.

prepare his federal habeas petition. Hartley was left with only twenty-one days to prepare and file his federal habeas petition once his state petitions had been denied and his state remedies had been properly exhausted. While this may seem like plenty of time for an ordinary litigant, we must remember that Hartley is a pro se prisoner litigant. *See Rand v. Rowland,* 154 F.3d 952, 958 (9th Cir.1998) (en banc) (noting that a "pro se *prisoner* litigant ... faces the unique handicaps of incarceration" and that "confinement makes compliance with procedural deadlines difficult because of restrictions on the prisoner's ability to monitor the lawsuit's progress" (emphasis in original)). I believe twenty-one days was an insufficient amount of time for Hartley to prepare and file his federal habeas petition.

Accordingly, I dissent and would hold that Hartley is entitled to equitable tolling.