**Jimmy Lee NELSON, Petitioner—Appellant,**

v.

**ATTORNEY GENERAL for the state OF NEVADA, Respondent—Appellee.**

**No. 08–15829.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 28, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Debra Bookout, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Heather D. Procter, Deputy Attorney General, Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

### MEMORANDUM **

Nevada state prisoner Jimmy Lee Nelson appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely filed. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Nelson contends that he is entitled to equitable tolling of the AEDPA's one-year limitation period. He also contends that the district court abused its discretion

when it denied Nelson's request for an evidentiary hearing on this claim.

We agree with the district court's conclusion that Nelson's medical records do not establish a basis for equitable tolling or for an evidentiary hearing. Nelson failed to demonstrate that his mental and physical medical conditions constitute extraordinary circumstances that made it impossible for him to file his federal habeas petition within AEDPA's one-year filing deadline, or that he diligently pursued his case. *See Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir.2007). Moreover, the district court did not abuse its discretion when it denied Nelson's request for an evidentiary hearing. *See* 28 U.S.C. § 2254(c)(2); *Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir.2004) (no evidentiary hearing is warranted where "the documentary evidence submitted fully presented the relevant facts of [petitioner's] claim" and where an evidentiary hearing "would not offer any reasonable chance of altering [the district court's] view of the facts.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.