**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONI ELMORE, <br><br> Petitioner - Appellant, <br><br> v. <br><br> EDMUND G. BROWN, JR.,[*] Attorney General; SACRAMENTO COUNTY SUPERIOR COURT; KEN CLARK, <br><br> Respondents - Appellees. | No. 08-15571 <br><br> D.C. No. 2:05-CV-01641-GEB-GGH <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted April 15, 2010[***]
San Francisco, California

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

---

[*] Edmund G. Brown, Jr. is substituted for his predecessor, Bill Lockyer, as Attorney General of California, pursuant to Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Elmore appeals the district court's dismissal of his habeas petition as untimely. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. We conduct de novo review of a district court's dismissal of a habeas petition as time barred. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1059 (9th Cir. 2007). We review a district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Beardslee v. Woodford*, 358 F.3d 560, 573, *opinion supplemented sub nom. Beardslee v. Brown*, 393 F.3d 1032 (9th Cir. 2004).

I

Elmore concedes that he did not submit sufficient evidence to the district court to entitle him to equitable tolling based on his mental and physical condition. Rather, Elmore argues that he presented sufficient evidence of his frail health to require the district court to grant him a hearing during which he could develop more facts. We disagree.

"Equitable tolling is only appropriate if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)) (emphasis omitted). "A petitioner seeking equitable tolling bears the heavy burden of showing '(1) that he has been pursuing

2

his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The filing period may be equitably tolled where the mental or physical condition of a prisoner prevents him from filing a timely petition. Where a petitioner suffered from mental illness, "[w]hether the limitations period . . . should be equitably tolled . . . depends on whether his mental illness . . . constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." *Laws v. Lamarque*, 351 F.3d 919, 922–23 (9th Cir. 2003).

Where a petition "allege[s] mental incompetency," but "the record does not show that [the petitioner's] mental problems made it impossible for him to meet the [AEDPA] deadline," the district court should allow discovery or order expansion of the factual record. *Id.* at 924 (internal quotation marks omitted) (remanding for development of record). The district court abuses its discretion where the record is "patently inadequate . . . to allow . . . [a] court to evaluate the strength of [the petitioner's] claim." *Id.*

In contrast, where the record is sufficient to permit the district court—and us on appeal—to evaluate the strength of the petitioner's claim, the district court does

3

not necessarily abuse its discretion if it denies the petitioner a hearing. In *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), *revised on other grounds*, 447 F.3d 1165 (9th Cir. 2006), we affirmed the district court's rejection of Gaston's argument for equitable tolling where he "submitted sworn statements and physicians' evaluations documenting physical and mental disabilities," where he stated that he "'hears voices,'" "suffers from severe pain and multiple sclerosis," and "is paralyzed from the waist down," and where it was undisputed that "Gaston ha[d] been in a wheelchair and on phychoactive medications since at least early 1996." *Id.* at 1033. Of particular interest to us in *Gaston* were the six habeas applications that Gaston filed in state court between 1995 and 2000. Although Gaston was only arguing that the period between his 1995 petition and his 1997 petition should be tolled because of his health problems, the record lacked evidence requiring the district court to differentiate between that shorter period and the longer period. *Id.* at 1035.

Here, the record indicates that Elmore was prescribed psychotropic medication both immediately before and immediately after a spurt of apparently cogent letters to his appellate counsel and the Central California Appellate Project, and a variety of filings of prison grievances and court documents. Elmore argues that circumstances had changed, however, because he had been severely assaulted

4

by prison officials, leaving him in pain. Relying on *Laws*, he argues that there is no way to know whether he was competent again until he filed his state habeas petition in October 2004.

Even assuming that Elmore's pro se filings are construed to renew his request for a hearing, and assuming that he would have been able to present the evidence described in his pro se objections to the Magistrate Judge's ruling, and assuming that he could have developed the record further regarding the scope of his mental illness, the district court still did not abuse its discretion denying him a hearing.

In contrast to *Laws*, Elmore presents significantly less evidence that he was ever incompetent, and the State has presented some evidence of him managing his legal affair during the period he alleges he was "unable to address the legal implications of [his] situation." Even assuming that he was severely assaulted, Elmore has not responded to evidence that he was able to file repeated prison grievances in 2003, file a state habeas petition with regard to those grievances in October 2003, and write to his appellate attorney in February 2004. Nor has he provided any evidence that would explain how or why his situation improved in October 2004 (including by affidavit), especially since he was still (or again)

receiving psychotropic medication in November 2004 and still (or again) reporting "very bad pain" in May 2005.

## II

Therefore, we conclude that the district court did not abuse its discretion in denying the request for an evidentiary hearing and therefore did not err in dismissing the habeas petition as untimely. We need not, and do not, address any other argument raised by the parties.

**AFFIRMED.**