**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELBERT GREENE, | No. 08-16555 |
| Petitioner-Appellant, | D.C. No. 2:07-cv-0092-LRH-LRL |
| v. | |
| E. K. McDANIEL, WARDEN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

We must determine whether the district court properly dismissed the 28 U.S.C. § 2254 petition of Appellant Delbert Greene as untimely and whether Greene is entitled to equitable tolling on the ground that the district court erred when it dismissed his earlier, timely filed habeas petition in *Greene v. Nevens*, 2:06-cv-1009-RCJ-RJJ (D. Nev.) ("*Nevens II*").

Because Greene filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case. *See, e.g., Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). "We review de novo a district court's order denying a habeas petition on statute of limitations grounds." *Randle v. Crawford*, 578 F.3d 1177, 1181 (9th Cir. 2009). Because the parties do not dispute any of the facts in the record, we also review the district court's decision to deny equitable tolling de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Greene filed the habeas petition in this case beyond the one-year AEDPA limitations period under 28 U.S.C. § 2244(d)(1). However, the limitations period may be equitably tolled if Greene shows that: (1) he pursued his rights diligently, and (2) some extraordinary circumstances stood in his way. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

Greene first asserts that extraordinary circumstances exist because the district court in *Nevens II* erroneously dismissed his timely filed amended habeas petition for

2

failing to comply with the order dated December 13, 2006 ("December 13 Order"), which required him to state all of his claims within the body of a habeas petition form, rather than asserting additional claims in an attached memorandum. The memorandum attached to Greene's amended petition form did not comply with the court's instruction because the claims contained in the memorandum, unlike the claims asserted in the form itself, were not verified under penalty of perjury. Notwithstanding Greene's alleged "misunderstanding" of the December 13 Order, it was not beyond his control to have complied with it. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (holding that a "petitioner's misunderstanding of accurate information cannot merit relief"). Therefore, the December 13 Order dismissing Greene's amended petition in *Nevens II* is not an extraordinary circumstance justifying equitable tolling.

Greene argues that the order of the district court in *Nevens II* dated January 11, 2007 ("January 11 Order") was affirmatively misleading and thus an extraordinary circumstance justifying equitable tolling. He asserts first that the Order was misleading because it imposed a dismissal "without prejudice" after the one-year AEDPA limitations period had expired. This argument is unavailing and was squarely rejected by this Court in *Ford*. *Id.* at 788-89. He next contends that the language in the January 11 Order which directed him to file a new petition in a new action with

a new application to proceed *in forma pauperis* was affirmatively misleading because the statute of limitations had expired. However, the January 11 Order did not direct Greene to take any action whatsoever. It simply notified the parties that dismissal of the petition was "without prejudice to the filing of a new petition in a new action with a new application to proceed *in forma pauperis*." Because there was no affirmative misstatement, Greene was not affirmatively misled. *See id.* at 788.

Greene maintains that numerous hurdles he encountered in attempting to secure habeas relief proceeding *pro se* could have been avoided if he had he been afforded counsel. He does not identify any particular circumstance, other than the general denial of counsel, that would constitute an exceptional circumstance. The absence of counsel, without more, is not an exceptional circumstance warranting equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002).

Finally, Greene argues that his lack of access to state court transcripts justifies both equitable tolling and statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B). Because all of the issues raised in his untimely habeas petition were raised in his prior timely filed habeas petitions, Greene's inability to obtain state court transcripts did not cause the untimeliness of his petition. *See Ford*, 590 F.3d at 790 ("[Petitioner's] alleged inability to access [his legal files] cannot be 'the cause of his untimeliness' since he did not need the legal materials they contained to file a timely habeas

4

petition." (quoting *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007))).

Because equitable tolling does not apply, statutory tolling under 28 U.S.C. § 2244(d)(1)(B) is precluded. *Roy v. Lampert*, 465 F.3d 964, 972 n.3 (9th Cir. 2006).

Finding no extraordinary circumstances warranting equitable tolling, we need not determine whether Greene demonstrated diligence in filing his untimely petition.

JUDGMENT AFFIRMED.