**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH A. REISTER, | No. 08-17247 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02296-JAT |
| v. | |
| DORA B. SCHRIRO and ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Arizona state prisoner Joseph A. Reister appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reister contends that the district court erred by dismissing his habeas petition as untimely. Specifically, he contends that the statute of limitations never began to run, or that he is entitled to equitable tolling because: 1) the late filing of his federal habeas petition is based on the state court's error in failing to transfer his 2002 state habeas corpus petition to its proper jurisdiction; and 2) he lacks legal training while the circumstances in his case overwhelmingly favor the state. The record reflects that it took Reister over three years after the one-year statute of limitations deadline had passed to file the instant petition. *See* 28 U.S.C. § 2244(d)(1); *see also Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1059-60 (9th Cir. 2007) (limitations period statutory tolled only if an unconstitutional state action prevents petitioner from filing). Additionally, Reister is not entitled to equitable tolling because he has not shown that his untimeliness "was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061; *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Accordingly, the district court properly dismissed the petition as time-barred.

**AFFIRMED.**