**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES D. NIVETTE,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>JAMES A. YATES, Warden,<br><br>               Respondent - Appellee. | No. 08-16426<br><br>D.C. No. 2:07-cv-00759-LKK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

California state prisoner James D. Nivette appeals from the district court's

judgment dismissing his pro se 28 U.S.C. § 2254 habeas petition as untimely. We

have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nivette contends that the district court erred by: (1) denying equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act; and (2) failing to conduct an evidentiary hearing. The record reflects that the district court properly rejected Nivette's argument for equitable tolling because Nivette has not shown that his mental disabilities constituted an extraordinary circumstance that caused his delay in filing a federal habeas petition. *See Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *see also Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *reversed on other grounds*, 447 F.3d 1165 (9th Cir. 2006).

Nivette has also failed to present sufficient evidence of mental incompetency to warrant an evidentiary hearing. *Cf. Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

**AFFIRMED.**