**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYN RICHARD OBERG, | No. 07-36061 |
| Petitioner - Appellant, | D.C. No. CV-05-00704-ALH |
| v. | |
| GUY HALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Oregon state prisoner Lyn Richard Oberg appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Oberg contends that the district court erred by dismissing his petition as untimely because the failure by prison officials to mail his notice of appeal concerning his state direct appeal entitles him to equitable tolling. The record reflects that the that Oberg's petition was filed nearly four years after the statute of limitations period began to run, *see* 28 U.S.C. § 2244(d)(1), and that Oberg is not entitled to equitable tolling because he has not shown that he was diligent in pursuing his rights during the relevant time period. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007); *cf. Roy v Lampert*, 465 F.3d 964, 970-971 (9th Cir. 2006). Accordingly, we affirm the dismissal of Oberg's petition. *See White v. Klitzkie*, 281 F.3d 920, 922 (9th Cir. 2002) ("Although the statute of limitations issue was not included in the certificate of appealability, we can affirm the district court on any ground supported by the record.").

Because the district court properly deemed his petition untimely, we do not address the parties' additional contentions.

**AFFIRMED.**

07-36061