**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL A. LEON, | No. 09-56111 |
| Petitioner - Appellant, | D.C. No. 8:09-cv-00323-R-AN |
| v. | |
| ANTHONY HEDGPETH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 9, 2012
Pasadena, California

Before:    REINHARDT and W. FLETCHER, Circuit Judges, and BREYER,
District Judge.[**]

Gabriel Anthony Leon ("Leon"), a California state prisoner, appeals the

district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

The district court held that Leon's petition was time-barred under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1). Leon argues that he is entitled to equitable tolling for his damaged urethra, resulting reconstructive surgery, follow up treatments, and morphine medication. We agree.

We review *de novo* the district court's dismissal of a habeas petition as time-barred. *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1059 (9th Cir. 2007). The district court's findings of fact are reviewed for clear error. *Id.* However, if the underlying facts are undisputed, we review *de novo* whether the statute of limitations under AEDPA should be equitably tolled. *Id.*

The parties do not dispute the district court's calculation of the relevant dates. Leon filed his first state collateral petition 135 days after his convictions became final. He received statutory tolling under § 2244(d)(2) for the period when his state collateral petitions were pending. This left Leon 230 days — or, until December 1, 2008 — to file his federal petition. Leon constructively filed the petition on January 26, 2009 — 56 days past the deadline.

A petitioner is entitled to equitable tolling of the AEDPA statute of limitations under § 2244(d)(1) if he shows that (1) some extraordinary circumstance prevented timely filing, and (2) he has been diligently pursuing his

rights. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Leon suffered from his urological condition when he timely pursued his direct appeal and collateral relief in state courts. However, evidence in the record indicates that his painful condition deteriorated significantly during the relevant equitable tolling time period in 2008. Leon required a week-long hospitalization in late October, shortly before his AEDPA deadline was set to expire. Following the surgery, Leon took regular doses of morphine and made repeated medical visits, culminating in another three-day hospitalization in February 2009. Thus, unlike the petitioner in *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005), *as amended by* 447 F.3d 1165 (9th Cir. 2006), Leon has shown that his physical condition worsened significantly during the relevant period. Further, despite his deteriorating condition, and with the assistance of another inmate, Leon prepared and filed his federal habeas petition in January 2009 — less than two months after his AEDPA deadline had expired (not giving credit for equitable tolling) and only two weeks before he returned to the hospital for another procedure.

We often remand for further factual development where a district court has dismissed a habeas petition as untimely without holding an evidentiary hearing. *See, e.g.*, *Porter v. Ollison*, 620 F.3d 952, 962 (9th Cir. 2010). However, the state conceded at oral argument that Leon's medical records do not need supplementing.

3

We therefore conclude that the available evidence and medical records establish that Leon is entitled to equitable tolling of at least 56 days. As a result, his federal habeas petition was timely.

Accordingly, we REVERSE and REMAND with instructions for the district court to afford Leon equitable tolling and proceed to the merits of his habeas petition.