**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY RAY CAVINS, | No. 09-15870 |
| Petitioner - Appellant, | D.C. No. 2:03-CV-00929-MCE-KJM |
| v. | |
| MELVIN HUNTER; BILL LOCKYER, Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted March 12, 2012
San Francisco, California

Before: WALLACE, D.W. NELSON, and BEA, Circuit Judges.

Petitioner Jerry Ray Cavins appeals from the dismissal of his habeas petition

as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Cavins's civil commitment became final on September 16, 1997. Cal. Civ.

Proc. Code § 904.1(a)(2); former Cal. R. Ct. 30.1(a) (now 8.308). The one-year

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

statute of limitations for Claims 2 and 5 began running the next day and expired on September 16, 1998. 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). At the latest, the one-year statute of limitations for Claim 6 began running in October 2003, the date of Cavins's final challenged periodic review. 28 U.S.C. § 2244(d)(1)(D). Cavins brought Claims 2, 5 and 6 after the expiration of the limitations periods. These claims are, therefore, untimely.

While statutory tolling does apply during the pendency of a properly filed state habeas petition, the California Supreme Court denied Cavins's state petitions raising Claims 2 and 5 as untimely. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Statutory tolling does not apply to either claim.

As to Claim 6, we are satisfied that Cavins had reason to know that reviews of his civil commitment took place during his confinement based on the periodic interviews conducted by the medical director at Atascadero State Prison and Cavins's efforts to investigate his appeal beginning in April 1998. Moreover, Cavins has not shown that an extraordinary circumstance prevented him from timely filing a petition, and, thus, equitable tolling does not apply. *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

**AFFIRMED.**

2