**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REMON SHIELDS,<br><br>            Petitioner - Appellant,<br><br>    v.<br><br>TIM VIRGA, Warden,<br><br>            Respondent - Appellee. | No. 09-16574<br><br>D.C. No. 5:08-cv-00274-JF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Remon Shields, a California state prisoner, appeals the dismissal of his

petition for federal habeas corpus relief under 28 U.S.C. § 2254 as untimely under

the one-year statute of limitations period for habeas petitions instituted by the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). We affirm the district court's decision.

We review a district court's dismissal of habeas corpus for untimeliness de novo. *Noble v. Adams*, 676 F.3d 1180, 1181 (9th Cir. 2012). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

To the district court, Shields argued that he was eligible for equitable tolling based on several periods in which he was deprived access to his legal materials. We agree with the district court that Shields failed to make the requisite showing that these periods were extraordinary and proximately caused his untimely federal petition. *See Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Stillman v. LaMarque*, 319 F.3d 1199, 1202–03 (9th Cir. 2003).

On appeal, Shields requests that we remand his case to the district court and order an evidentiary hearing on a claim that the untimeliness of his federal petition was caused by mental disability. We decline to consider Shields's equitable tolling argument based on mental disability because he did not raise that issue before the district court, even if we construe Shields's pro se petition liberally. *See United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) ("Issues not presented

2

to the district court cannot generally be raised for the first time on appeal.") (internal citations omitted). Shields's argument to the district court regarding his mental outpatient housing, in particular, was not that he was mentally incapable, but that he was deprived access to his legal files for the period of time that he was so housed. That he told the district court that he had been housed in a mental outpatient housing unit for a finite period of time several months prior to the end of the limitations period did not present to the district court a claim that he was mentally incapable of filing papers on a timely basis, or that his failure to timely file papers was proximately caused by his mental condition during that time period. Nor has Shields made a persuasive argument on appeal. Being on suicide watch may suggest serious mental distress of some kind, but it does not necessarily mean or even strongly suggest that Shields was incapable of preparing and filing legal papers.

Shields's claim regarding his lack of access to the law library and its clerks also cannot be construed as a mental disability claim. *Cf. Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). While access to the library and its resources might have improved the quality of his habeas petition, his claim, even read liberally, was not that his "mental illness prevented him from filing a timely habeas petition." *Id.*

Moreover, Shields's filings did not give the district court reason to infer the existence of any mental impairment such that an evidentiary hearing should have been ordered sua sponte by the district court. *See Bills v. Clark*, 628 F.3d 1092, 1100–01 (9th Cir. 2010) (stating that, when deciding on a petitioner's eligibility for equitable tolling, the district court must examine the record to determine "whether the petitioner satisfied his burden that he was in fact mentally impaired"). The papers Shields filed with the district court did not demonstrate the alleged incapacity. They looked like papers customarily received from pro se prisoners.

**AFFIRMED.**

Shields v. Virga, No. 09-16574

TASHIMA, J., concurring:

I concur in the judgment affirming the district court's judgment that Shields's federal habeas petition is untimely.

When considering equitable tolling, a court cannot simply stop the statute of limitations clock when extraordinary circumstances begin and restart the clock when those extraordinary circumstances end. A "'petitioner' is 'entitled to equitable tolling' only if he shows . . . that some extraordinary circumstance stood in his way' and *prevented* timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis added)); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (stating that extraordinary circumstances must have "made it impossible to file a petition on time").

Shields alleges that he faced extraordinary circumstances when he: (1) was mentally incapacitated while in the Mental Outpatient Housing Unit ("MOHU"); and (2) was unable to do any legal work while in administrative segregation, in the MOHU, when the library was closed, and before he received the transcript. None of these alleged deprivations occurred after February 6, 2007 – almost a year before Shields filed his federal habeas petition. Shields has not shown that these circumstances *prevented* a timely federal filing, as he is required to do.

Accordingly, he is not entitled to equitable tolling.

For these reasons, I concur in the judgment affirming the district court's dismissal of Shields' habeas petition.

*Shields v. Virga*, No. 09-16574

MURGUIA, Circuit Judge, dissenting.

I respectfully dissent. I would reverse the district court's dismissal of Shields's petition as untimely and remand for an evidentiary hearing to determine whether Shields is entitled to equitable tolling based on mental incompetence.

I.    **District court's dismissal as untimely**

In dismissing the petition, the district court failed to recognize that Shields's petition could be timely based on the combined effect of both statutory and equitable tolling, as long as Shields were granted equitable tolling for at least twenty days. The district court erroneously required Shields to allege eleven months of equitable tolling when, in fact, Shields would be entitled to ten months of statutory tolling if he were granted a single day of equitable tolling prior to the filing of his state petition. Furthermore, Shields needed just nineteen days of equitable tolling to extend his one-year limitations period from the end of his state habeas procedures to the filing of his federal petition. *See Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009) (remanding for factual findings on equitable tolling where petition could only be timely if petitioner were granted both statutory and equitable tolling, and where equitable tolling was necessary for petitioner to get

1

benefit of statutory tolling).[1]

## II.    Waiver

Issues raised for the first time on appeal concerning the timeliness of a

habeas petition may be considered as long as they are based "on the same set of

operative facts" as a claim made at the district court. *Lott v. Mueller*, 304 F.3d

918, 925 (9th Cir. 2002). In *Lott*, the petitioner refashioned what had been a

statutory tolling claim before the district court as an equitable tolling claim on

appeal. *Id*. at 925. We rejected the argument that the petitioner had waived the

equitable tolling claim because both the claim before the district court and the

claim on appeal relied "on the same set of operative facts." *Id*. Likewise,

Shields's argument on appeal is based on exactly the same set of facts as those

before the district court.

---

[1] Contrary to the concurrence's assertion, nothing in our case law says that we cannot "stop" and "restart" the statute-of-limitations clock due to equitable tolling. Indeed, we have applied equitable tolling in such a manner on numerous occasions. *See, e.g.*, *Ramirez*, 571 F.3d at 1001 ("We vacate and remand with instructions to make the necessary findings of fact to resolve Ramirez's claims for equitable tolling for the periods between May 21, 2002 and August 1, 2002; and February 26, 2003 and July 11, 2003."). Furthermore, Shields presents a relatively strong case for equitable tolling precisely because the four periods of time when he claims he could not prepare his habeas petition occurred prior to the one-year AEDPA deadline. Had these periods taken place after February 2007, Shields's claim would have failed as a matter of law because extraordinary circumstances cannot equitably toll a limitations period that has already run.

Although Shields did not explicitly label his equitable tolling claim before the district court "equitable tolling for *mental incompetence*," Shields's Opposition to Respondent's Motion to Dismiss as Untimely ("Opposition") is replete with references to mental incompetence and is most fairly read as a request for equitable tolling due to Shields's mental health issues, combined with other obstacles. *See id.* at 924 (stating that "the confluence of numerous factors beyond the prisoner's control" may constitute "extraordinary circumstances" for purposes of equitable tolling). In his Opposition, Shields clearly listed the circumstances beyond his control that he alleged prevented him from filing a timely petition. Shields explained that he was denied access to his legal property for three periods of time, including while committed to the "Mental Outpatient Housing Unit" for "Accute Psychological treatment"and "suicide pervention [sic]." He also requested equitable tolling for a period when he could not access the law library or obtain the assistance of the law library clerk. Critically, Shields articulated that his lack of access to the law library and the law library clerk constituted an extraordinary circumstance "due to [Shields's] mental learning impairment / disability and mental health status," which he buttressed by stating that he was "diagnosed as mildly retarded," had "a reading level [Test of Adult Basic Education] score of 2.5," and is currently in a mental health program run by the California Department

3

of Corrections. The majority downplays this evidence of mental illness—which it euphemistically refers to as "distress"—and construes Shields's arguments in an overly formalistic way. The majority appears to punish Shields not because he has changed his arguments on appeal, but because his claims are more artfully presented now that he is represented by appointed counsel. Without even relying on the liberal construction owed to a *pro se* prisoner's filings, *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc), I would conclude that Shields's habeas petition clearly alleged that his request for equitable tolling was based on mental incompetence; specifically, that certain obstacles, such as the denial of access to his legal files for 95 days, *see Lott*, 304 F.3d at 925 (holding that, if uncontroverted, petitioner's allegation that he was denied access to his legal papers for 82 days is sufficient to warrant equitable tolling), as well as a law library clerk, made timely filing impossible for Shields *in light of his mental health issues*.

The majority disposes of the ample evidence showing that Shields suffers from mental illness by saying that this "does not necessarily mean" that Shields was incapable of filing a timely petition.[2] But if this evidence, which includes a determination by the state prison system to place Shields in a mental health

---

[2] Under the majority's logic, Shields is in a Catch-22. He is too coherent for equitable tolling, but not articulate enough to avoid waiving his equitable tolling claim.

program, "necessarily" meant that Shields's mental incapacity prevented him from filing a timely petition, he would be entitled to a grant of equitable tolling under the test set forth in *Bills v. Clark*, 628 F.3d 1092, 1009-1100 (9th Cir. 2010). The question here, rather, is merely whether Shields should be granted an *evidentiary hearing* as to equitable tolling. "[W]e do not require [Shields] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for tolling. Rather, our cases require only that there be 'circumstances consistent with petitioner's petition under which he would be entitled to a finding of an 'impediment' under § 2244(d)(2)(B) or to equitable tolling' for further factual development to be required." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). All that is required of Shields at this stage is a "good-faith allegation that would, if true, entitle him to equitable tolling." *Id*. at 921. Because Shields has alleged sufficient facts that would, if true, entitle him to equitable tolling, I would remand to the district court for an evidentiary hearing to determine whether any mental incompetence, combined with the denial of access to the law library, law library clerk, and his legal files warrant equitable tolling.

5