MEMORANDUM **
Robert Von Villas appeals from the dismissal of his two habeas petitions as untimely. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. Because the parties are familiar with the facts of this case, we do not recount them here. Exercising de novo review, we affirm.

Uncertified Issue

We lack jurisdiction to review Von Villas’s argument that the district court should have stayed proceedings on his 1997 petitions for writ of habeas corpus. The dismissal of Von Villas’s 1997 petitions was a voluntary dismissal without prejudice, after which he filed new petitions. See Fed.R.Civ.P. 41(a)(2). Von Villas has lost the right to challenge the district court’s disposition of the 1997 petitions because he did not object to or appeal these dismissals. The 1998 petitions that are the subject of this appeal constitute entirely new actions. City of S. Pasadena v. Mineta, 284 F.3d 1154, 1157 (9th Cir. 2002); see Slack v. McDaniel, 529 U.S. 473, 487-88, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Equitable Tolling

“In this circuit, equitable tolling of the filing deadline for a habeas petition is available only if extraordinary circumstances beyond a prisoner’s control make it impossible to file a petition on time.” Lott v. Mueller, 304 F.3d 918, 922 (9th Cir.2002) (internal quotation marks omitted). Accepting Von Villas’s factual contentions as true, he encountered substantial hurdles to filing timely petitions. Most significantly, he was apparently unaware of the Anti-terrorism and Effective Death Penalty Act (AEDPA) filing deadline until the month of the deadline. But Von Villas was nonetheless able to file two timely petitions .in federal court before the AEDPA deadline. He cannot show that any extraordinary circumstances beyond his control were the cause of his late filing. We have suggested that the ability to file even a “basic form habeas petition” before the deadline would defeat a claim for equitable tolling. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir.2009). Therefore, Von Villas is not entitled to equitable tolling.
We recognize the harshness of this outcome in this case, but we are not free to depart from our well-established standard for equitable tolling. In our view, Von Villas’s predicament resulted most directly from his legal missteps, starting with his decision not to preserve for appellate review the issue of the district court’s refusal to stay proceedings on the 1997 petitions. Of course, it would have been very difficult *740 for Von Villas, representing himself pro se, to avoid these missteps, particularly given the novelty of the AEDPA scheme at the time. But we have held that lack of legal sophistication does not constitute an extraordinary circumstance beyond a petitioner’s control. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006). We cannot fault Von Villas for filing untimely petitions, but we conclude that he has not met the high burden required for equitable tolling based on extraordinary circumstances.
Nor is Von Villas entitled to equitable tolling because he was affirmatively misled by the district court. As Von Villas notes, this issue is governed by our decision in Ford v. Filler, 590 F.3d 782 (9th Cir.2009). We understand that Von Villas has raised the issue here to preserve it for further review.

Statutory Tolling

Von Villas is not entitled to statutory tolling because he was not “prevented from filing” timely petitions by a state-created impediment. See 28 U.S.C. § 2244(d)(1)(B). This causal standard is functionally equivalent to the “impossibility” standard for equitable tolling. See Bryant v. Ariz. Att’y Gen., 499 F.3d 1056, 1060-61 (9th Cir.2007). Because Von Villas filed timely petitions, he cannot meet the standard for statutory tolling.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.