**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| BRIAN KEITH DENT,<br><br>          Petitioner - Appellant,<br><br>     v.<br><br>MIKE KNOWLES, Warden (A),<br><br>          Respondent - Appellee. | No. 08-56730<br><br>D.C. No. 2:08-cv-05255-JFW-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted August 1, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and PANNER, Senior
District Judge.[**]

   Brian Keith Dent, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 petition as time-barred. We reverse and remand for

further proceedings.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The Honorable Owen M. Panner, Senior District Judge for the U.S.
District Court for Oregon, Portland, sitting by designation.

Nearly four years after his conviction became final, Dent first sought habeas relief in state court. Over the next five years, Dent underwent multiple rounds of state habeas review. In 2008, Dent filed a federal habeas petition alleging his mental incompetence justified equitable tolling. The district court *sua sponte* dismissed the petition as time-barred.

The dismissal of a habeas petition as time-barred is reviewed *de novo*. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). A district court's decision not to conduct an evidentiary hearing is reviewed for abuse of discretion. *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

Equitable tolling may toll AEDPA's one-year filing deadline. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Mental incompetency is an "extraordinary circumstance beyond the prisoner's control" that may justify equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (internal citation omitted).

Dent did not have the burden of persuasion at the early stage of merely filing the habeas petition. *Laws*, 351 F.3d at 924. Rather, at the filing stage, there need be only "circumstances consistent with petitioner's petition . . . under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling for further factual development to be required." *Id*. (internal quotation

marks and citation omitted). The court construes *pro se* habeas filings liberally. *Roy*, 465 F.3d at 970.

Proceeding *pro se*, Dent attached a sworn declaration and roughly 70 pages of documentation, including medical records, in support of his petition. Dent included a psychologist's report stating Dent's IQ of 56 placed Dent in "the Mentally Retarded range of intellectual ability." Dent submitted a November 11, 1999 progress note written by a Department of Corrections psychiatrist stating:

> On mental status examination he is barely oriented. He does not know the year or the date or the day of the week. He cannot make simple change; $1.65 from $2.00 is $.87. He is unable to deal with similarities or abstractions. He cannot do three dimensional figures. His judgment is impaired. He has some insight. His affect is flat. He has command hallucinations telling him to do things. The voices talk about me, he says. His memory is clearly impaired. He cannot remember any of four items in five minutes. He is seen to be an organic mood disorder secondary to brain injury with dementia.

Considering Dent proceeded *pro se*, the medical records and uncontested declarations Dent submitted constitute a good-faith showing of mental incompetence requiring the district court to further develop the record. *Laws*, 351 F.3d at 924.

In dismissing Dent's petition, the district court noted a March 30, 1998 court-ordered competency evaluation concluded Dent was malingering. Dent, however, requested equitable tolling beginning in November 1999. Especially

considering Dent proceeded *pro se*, the result of Dent's early 1998 competency examination has little bearing on Dent's competency over 18 months later. *Laws*, 351 F.3d at 923. The district court also concluded that because Dent had no case pending prior to 2003, Dent was not entitled to equitable tolling. The equitable tolling determination, however, does not depend on whether a petitioner has a claim pending.

Finally, Dent could be entitled to statutory tolling during his subsequent rounds of state habeas proceedings. 28 U.S.C. § 2242(d)(2). Dent's additional state proceedings, combined with the equitable tolling determination, are relevant to the federal statutory tolling issue. *See Evans v. Chavis*, 546 U.S. 189, 199-200 (2006) (California's "reasonable time" habeas standard requires federal courts to determine whether petitioner's filing delays were reasonable, and thus timely).

The district court erred in placing the burden of persuasion on a *pro se* petitioner at the pleading stage of a habeas petition. *Laws*, 351 F.3d at 924. Because Dent, proceeding *pro se*, made a good-faith allegation that would, if true, entitle him to equitable tolling, the district court abused its discretion by *sua sponte* dismissing the petition prior to further developing the factual record. *Id.* at 923-24 (remanding for the district court to "order such discovery, expansion of the record, or evidentiary hearing as is necessary to determine how much, if any," of the

relevant period should be equitably tolled due to petitioner's mental incompetence). Dent's court-appointed counsel will continue to represent Dent in the district court on remand.

**REVERSED AND REMANDED**.